No. 12,575.

MOELLERING *v.* KAYSER.

PRACTICE.—*Appeal.*—*Supreme Court.*—The Supreme Court will reverse a judgment which is not supported by any evidence.

SAME.—For evidence held insufficient to support a verdict and judgment, see opinion.

From the Allen Circuit Court.

*A. A. Chapin* and *W. S. O'Rourke,* for appellant.
*S. E. Sinclair, S. F. Swayne* and *H. C. Hanna,* for appellee.

MITCHELL, J.—Moellering sued Kayser on a note, payable in six months from January 12th, 1884, for two hundred dollars, with six per cent. interest and attorney's fees.

The defendant filed an answer and counter-claim, in which he alleged, in substance, that the note sued on was executed for a balance claimed to be due the plaintiff, on a contract for the construction of a brick store building for the defendant. The contractor agreed to furnish the material and erect the building for fourteen hundred and thirty dollars.

It is averred that the plaintiff failed to complete the work according to the contract, and that the defendant sustained damages to the amount of six hundred dollars on account of the plaintiff's default.

Upon issues joined, there was a trial and verdict for the defendant.

The only question made here is, that the evidence does not sustain the finding. Recognizing the well established rule that where there is any evidence which sustains a verdict, a judgment will not be reversed by this court on the mere weight of evidence, the claim is, nevertheless, urged on behalf of the appellant, that there is no evidence to sustain the amount of damages assessed on the defendant's counter-claim. It is also claimed that the evidence does not sustain the allegations of the counter-claim, because the proof shows, without contradiction, that the work was not done under the written contract, a copy of which is set out with the pleading. There is no force in this last position. The evidence tends to show that after the contract was made, some slight changes were agreed upon which decreased the amount of work on the building. On account of these changes, the contract price was correspondingly reduced by agreement. The changes and reduction are in no wise involved in this controversy.

The counter-claim was for the recoupment of damages, alleged to have resulted from defective workmanship in doing that which was confessedly within the contract. The written agreement was, therefore, only incidental or collateral to the defendant's claim for damages. Proof of deviations from the contract, by mutual consent, was not an abandonment of the contract, nor was it fatal to the defendant's right to recover, to the extent of the damages sustained by defective workmanship.

It is, however, plainly apparent that the finding for the defendant is not sustained by the evidence in the record.

Adopting the testimony most favorable to the defendant,

Moellering *v.* Kayser.

and allowing the highest estimates made by any or all the witnesses of each item of damage, and the most favorable result which can be extracted from the evidence is the following:

| | | |
|---|---|---|
| For making new back stairs | $50 | 00 |
| For making front stairs complete | 25 | 00 |
| Eight new window sash, $1.25 each | 10 | 00 |
| New folding doors in partition | 35 | 00 |
| Papering, painting, etc | 42 | 00 |
| Total | $162 | 00 |

The foregoing are the only items of damage specified, and the amounts are in nearly every instance for taking out the alleged defective work and putting in new. Scarcely any of the witnesses claimed that this would be really necessary, although one witness testified, in substance, that the job could only be made perfect by that method. Of course, there was an abundance of evidence upon which it might have been found that the contract was executed in a workmanlike manner in the first instance; that the cracks in the plastering and apparent defects in the wood-work were such as resulted ordinarily from the settling of a building after standing the length of time which that in controversy had stood. Laying this evidence aside however, and the utmost that can be supported by any proof, is the amount above stated. It will thus be seen, that unless the appellant is required, in addition to the damages, to pay a sum for smart money, the verdict can not be sustained. After deducting the amount of damages from the principal of the note, and allowing interest on the balance, and a reasonable sum for attorney's fees, there should have been a verdict for the plaintiff for the remainder.

The judgment is reversed with costs, and a new trial ordered.

Filed April 28, 1887.