Fulmer v. Packard, Administrator.

Filed Dec. 13, 1892.

———————◆———————

No. 665.

FULMER v. PACKARD, ADMINISTRATOR.

JUDGMENT.—*Evidence.*—*Reversal on Appeal.*—Where the evidence fails not only to support a judgment, but is in direct conflict with it, the judgment will be reversed on appeal.

From the Marshall Circuit Court.

*A. E. Wise* and *J. W. Parks,* for appellant.

— *Packard,* — *Conner,* and — *Halderman,* for appellee.

Fox, J.—The appellant in this case filed a claim against the appellee as the administrator of the estate of Adam Renbarger, deceased, for services rendered by him for the said Renbarger in his lifetime. It appears that the said Renbarger at the time the said services were rendered was the owner of a hotel in the town of Walkerton, Marshall county, Indiana, which he desired to exchange for a farm owned by one Hannah Sheatsley, and to

this end had entered into negotiations with her, but they were unable to agree upon satisfactory terms. He, thereupon, in order to accomplish the trade, employed the appellant to make further effort, agreeing to pay him one hundred dollars if he should succeed in making the exchange. The appellant, after being so employed, entered into further negotiations with Mrs. Sheatsley, and after a time was successful and the trade was consummated. Afterwards the said Renbarger died, leaving unpaid the amount the appellant was to receive for his services. After the appellant had filed his claim as by law required the appellee, as the administrator of the decedent's estate, disallowed it. The claim was then transferred to the issue docket of the Marshall Circuit Court. After some preliminary proceedings were had, the case was submitted to the court for trial without a jury, resulting in a finding and judgment for the appellee. A motion for a new trial was filed and overruled. The reasons given in the motion for a new trial were that the finding and judgment of the court was contrary to the law and evidence. The action of the court in overruling the motion for a new trial is assigned for error in this court. The evidence is made a part of the record by a bill of exceptions.

The only point we have to consider is, does the evidence, as it appears in the record, amount to proof of the appellant's claim ? After having carefully read the evidence and the argument of counsel, we are unable to understand upon what theory the judgment of the court was rendered. The record shows that there was no substantial conflict in the evidence given at the trial. The terms of the contract were clearly proved by a number of witnesses. If there were any circumstances, conditions or evidence that justified the judgment rendered they do not appear in the record. This case does not come within the rule that this court will not reverse a judgment of a court below upon the mere weight of testimony. To per-

mit a judgment to stand which·is against evidence fairly amounting to proof without conflict would be a denial of justice.

Judgment reversed, with costs.

Filed Dec. 15, 1892.