THE ANDERSON GLASS COMPANY v. BRAKEMAN.

[No. 2,016. Filed Oct. 15, 1897. Rehearing denied May 25, 1898.]

EVIDENCE.—*Reversal of Cause.*—Where there is no evidence to sustain the judgment the cause will be reversed. *pp. 235-237.*

APPEAL AND ERROR.—*Parties.*—A codefendant who was not a party

to the judgment is not a necessary party to an appeal from such judgment. *pp. 237, 238.*

From the Madison Circuit Court. *Reversed.*

*W. A. Chipman, S. M. Keltner* and *E. E. Hendee,* for appellant.

*George M. Ballard* and *William A. Kittinger,* for appellee.

WILEY, C. J.—Appellee sued appellant and one Philip Matter and recovered a judgment against the appellant, from which this appeal is prosecuted. The complaint is in one paragraph, and avers that on and prior to December 9, 1892, appellant and one Philip Matter were indebted to appellee for work and labor and materials furnished to them, etc., and that appellee owned $10,000.00 of stock in the appellant corporation; that appellee was indebted to appellant and Philip Matter for labor, materials, etc., and that on December 9, 1892, said Matter was the president of said glass company, and on said day appellee and appellant and said Matter, acting for himself and said glass company had a full and complete accounting between them and made a full and final settlement of all their accounts; that it was then and there agreed and determined between appellee, appellant and said Matter that appellant and Matter were indebted to appellee on account, in the sum of $1,680.74, and the further sum of $416.67, as the amount due him for the unexpired term of his service, as salary as superintendent of appellant corporation; that appellant and Matter were to take appellee's stock in appellant corporation and pay him $5,000.00 therefor, making a total indebtedness due appellee of $7,097.41; that it was agreed and settled at that time that appellee was indebted to appellant and Matter for lumber, building materials, etc., in the sum of $1,922.00, which should be, and was

deducted from the amount of appellee's indebtedness as above, and which left a balance of $5,175.41 due appellee; that of said amount the sum of $3,523.32 had been paid at the time the action was commenced, leaving a balance due appellee of $1,652.09. The complaint further avers that the appellee over-paid one Burke $214.39, which appellant and Matter owed him, and for these two amounts he demanded judgment. A joint answer was filed in four paragraphs. First, general denial; second, a plea of payment; third, it was admitted that the appellee was the owner of $10,000.00 of stock in the appellant corporation; that the appellee sold and transferred the stock to said Philip Matter for the sum of $5,000.00, and that it was agreed that the $5,000.00 should be paid to the appellant, the Anderson Glass Company, and that it should pay of that amount what might be due to the appellee after deducting and taking therefrom any and all amounts that were then and might thereafter become due from the appellee to the appellant; that the sale of stock was on the 9th of December, 1892, and that at that time and prior thereto the appellee was in the employ of the appellant as superintendent, at a salary of $5,000.00 a year; that on said day appellee tendered his resignation as such superintendent, and that on said day and for a long time prior thereto, the appellee had been purchasing material, lumber, stone, gas fittings, etc., and using them in the erection and construction of dwelling houses; that the appellee purchased the same upon the credit of the appellant, and that this fact was unknown to the appellant at the time of the purchases, and at the time of the alleged settlement it was not known by the appellant how much the appellee was indebted to the glass company on account of such purchases; that it was further agreed between the appellee and appellant that of any

The Anderson Glass Company *v.* Brakeman.

amount that might then be due or owing to the appellee on account of salary or otherwise, and the amount of $5,000.00 to be paid said Matter to the glass company, there should be deducted any amount of indebtedness incurred by appellee in the name and upon the credit of the appellant, and that the sum so paid by Matter to the glass company should be held by it until all bills incurred by appellee on the credit of said glass company should be fully paid and satisfied, and that if there should anything remain due after such payment it should be paid to the appellee.   This paragraph of answer then sets out an itemized statement of the several amounts which it claimed had been paid on account of the facts hereinbefore stated, including cash paid directly to the appellee, and concludes by averring that on account of such payments being equal to the amount due from appellant to appellee, that there was nothing remaining due to the appellee. The fourth paragraph is in the nature of a set-off, in which it is stated, in brief, that the appellee was indebted to the appellant in the sum of $7,034.67 for money paid to the appellee, and paid for the appellee for his use and benefit, and for labor and material furnished to the appellee by the appellant, and asks that said sum be set off against any amount that might be found due the appellee.   Both the complaint and the fourth paragraph of answer are accompanied by bills of particulars.

At the proper time in the proceedings below, the appellant, the Anderson Glass Company, filed its motion for a new trial, which motion was overruled, and to which ruling the appellant excepted.   One ground in the motion for a new trial was based upon newly discovered evidence, and this was supported by several affidavits.   The trial court permitted the appellee

to file counter-affidavits over the objection and excep-
tion of the appellant.

In this court appellant has assigned error as follows:
First. Overruling its motion for a new trial. Second.
That the complaint does not state facts sufficient to
constitute a cause of action. Third. In permitting
the appellee to file counter-affidavits in answer to affi-
davits of appellant in support of its motion for a new
trial.

The important and pivotal facts upon which the de-
cision must rest as disclosed by the record are as
follows: Appellant was a corporation organized and
existing under the laws of the State of Indiana, and
established and built a plant at Anderson, Indiana,
for carrying on its business. Appellee was employed
as superintendent and was put in charge of the con-
struction of the buildings, machinery, etc., in which
and by which appellant was to carry on its business.
He was also put in charge of superintending the erec-
tion of twenty tenement houses for appellant, which
were to be occupied and used as dwellings by its em-
ployes. During the time of the construction of these
buildings, appellee was engaged in the erection, on
his own account of seven houses, one of which was to
be used by himself, and the others were to be used as
tenement houses. Appellant was paying appellee a
salary of five thousand dollars a year, and in Decem-
ber, 1892, it coming to the knowledge of appellant's
officers that appellee was building several buildings
on his own account and superintending their construc-
tion, the president of appellant, Philip Matter, de-
manded of appellee that for the time he had consumed
in the erection of his own buildings he should allow a
deduction from his salary. Or, in other words, he
should allow a credit on his salary for the time occu-
pied in superintending the erection of his own build-

ings in the sum of $100 each for the houses he was erecting. This proposition he declined to accede to, and after some further controversy about it, he tendered his resignation as appellant's superintendent, which was accepted on the 9th day of December, 1892. At the time of his resignation and prior thereto he owned stock in the appellant corporation to the amount of $10,000.00, and on December 9, 1892, appellant's officers and the appellee met together for the purpose of effecting a settlement. At that meeting an agreement was made by which appellee sold his stock to Philip Matter for $5,000.00. It was also then agreed that appellant was indebted to appellee for salary, etc., in a fixed amount. It was then and there contended by appellant, and admitted by the appellee, that he was indebted to appellant in an unknown sum for materials, money, etc., which appellee had used in the erection of his private houses. Up to this point, on the material facts in the case, there is no controversy. As to the indebtedness from appellee to appellant, appellant contends that it was then and there agreed between them that the amount of such indebtedness should be ascertained as soon as possible, and whatever that amount should be, should operate as a payment upon the amount due appellee from appellant. On the other hand, appellee contends, that at the same time, to wit, December 9, 1892, it was agreed by and between him and the appellant that his indebtedness to the appellant was $1,922.00, and that the settlement then and there made was full and complete, and embraced all the differences between them.

This is one of the disputed questions in this appeal and we must look to the evidence for its determination. It is averred in the complaint that there was a full, complete and final settlement between appellant and appellee embracing all matters of difference be-

tween them, and it is contended by appellee's counsel that the evidence supports this averment. We have searched the record in vain to find any evidence to support this contention. True, in answer to a question propounded to him, the appellee stated that the amount due from him to appellant December 9, 1892, was $1,922.00. But even the appellee himself does not testify that that amount was ascertained and agreed upon at that time. On the contrary, he admitted that he did not furnish to the appellant a statement of his indebtedness to it until about January 9, 1893. In his examination in chief, appellee was asked the following questions and made the following answers: "Q. Now, Mr. Brakeman, you may state what there was left on that occasion on the 9th day of December for you to settle except your account with them for lumber that went into the seven houses. A. It was lumber and all kinds of material. Q. What else except that was left unsettled between you on that day? A. That was all. Q. If I understand you you sold your stock to Matter for $5,000.00? A. Yes, sir. Q. And where was he to pay that money, how was it to be paid to you? A. Now, he said, 'You owe the Anderson Glass Company for material you took for the houses. And they owe you a balance for salary. Now, after you make your settlement with them, if they owe you more than you owe them, of course they will give you the $5,000.00, and if you happen to owe them more than they owe you, they will take that out of the $5,000.00 and give you the remainder.' "

It is apparent from this that no settlement was agreed upon on December 9, 1892, as to the amount due from him to appellant. It also further appears from the evidence that at that time none of the officers of appellant knew the amount of such indebtedness,

and could not have known it because the facts relative thereto were wholly within the knowledge of the appellee. In addition to these admissions, Mr. Charles L. Henry, a witness on behalf of appellee, stated that as to the amount of such indebtedness, there was no settlement or agreement, but that it was left open for future ascertainment. And upon this question Philip Matter, B. F. Burke and one Eastman, testified to the same facts. Upon the uncontradicted, and undisputed evidence, therefore, we must conclude that appellee has wholly failed to support that part of his complaint which counts upon a settlement, and hence the judgment cannot be upheld upon that ground.

Appellant's insistence is that by the appellee's own evidence he was indebted to it in a sum largely in excess of the amount as shown by him in his statement rendered about January 9, 1893, and for which the jury and court made no proper allowance. It is upon this theory that appellant based the first three causes assigned in its motion for a new trial, which were, "(1) Because the verdict of the jury is not sustained by sufficient evidence; (2) because the verdict is contrary to law; and (3) because of error in the assessment of the amount of recovery in this, that the same is too large."

Much of appellant's brief is addressed to a marshaling of the evidence and a discussion thereof in support of these reasons for a new trial, and its first assignment of error, which calls in question the overruling of such motion by the trial court.

Upon the question of appellant's indebtedness to appellee, and of his indebtedness to it, there were some items upon which there was no controversy. As to appellant's indebtedness to appellee, the following items are conceded by it:

For salary, etc., due December 9, 1892......$1,680.74
For salary to become due January 1, 1893...    416.67
For stock purchased by Philip Matter.......  5,000.00

Total, ...........................:........$7,097.41

As to appellee's indebtedness to appellant, he conceded the following:

On account of materials, etc., used by him in
    the construction of his houses as shown by
    his statement rendered in January, 1893..$1,922.00
Amount paid by appellant to appellee since
    December 9, 1892 ...................... 3,523.32
Amount paid by appellant to one Barnes for
    hardware purchased by appellee on appel-
    lant's credit ..........................   145.00.

Making the total amount for which appellant was entitled to credit, and about which there was no controversy, the sum of $5,490.32, leaving a balance due appellee, upon that basis, of $1,607.09.

The jury, by its verdict, found there was due $1,350.34, for which judgment was rendered. As above stated, appellee, while acting as the superintendent of appellant, and concerning the construction of its plant and twenty tenement houses, was also building for himself and Mr. Henry seven other houses. It is an uncontroverted fact that appellee, in the construction of the seven houses, constructed them almost wholly from material, etc., belonging to appellant, or purchased by him on its credit and for which it paid. He appears from the record to have had the confidence of appellant's officers and as to the amount and value of materials used by him and purchased, which he made on the credit of appellant, he had exclusive knowledge.

To go into detail and give item by item the several separate amounts for which appellant claims it is

The Anderson Glass Company *v.* Brakeman.

entitled to credit as shown by the appellee's own evidence, growing out of the construction of these several houses out of its material and upon its credit, over and above the amount as shown by appellee's written statement, would be almost an endless, and certainly a useless task, for the evidence alone upon this point contains many pages of typewritten matters, and no good purpose could be subserved by setting it out in full. We therefore content ourselves by summarizing as briefly as possible.

We have read the evidence with very great care, considered it in all its lights, and from it we are unable to understand upon what basis, under the undisputed facts, the appellee was entitled to a judgment for the amount he recovered. From the evidence, it becomes merely a question of computation as to the amount he was entitled to recover.

As there were so many items for the jury to remember and consider, we can readily see that it would be utterly impossible for them to arrive at a numerically correct conclusion, and if there was but a slight variation between the uncontradicted facts and the amount of the verdict, we would not feel at liberty to disturb the judgment, but where the variation is so great and apparent, we feel that it would be a great injustice to appellant to let the judgment stand. Taking the evidence of the appellee alone, it clearly appears that he was indebted to appellant over the amount as shown by the statement, and for which it was entitled to credit, in an amount exceeding $700.00. As to the several amounts aggregating the above sum, there is no evidence to contradict it, but much to corroborate it.

It is true, appellee attempts to explain these admissions on his part of the several amounts not shown in his statement, by saying that they were charged to

him on the books of the company, or ought to have been charged to him upon his instructions, and yet, though he had access to such books and had them brought into court upon a *subpoena duces tecum*, and was asked to examine and point out and show such charges, yet he utterly failed to do so and made no showing therefrom in contradiction of his sworn admissions.    There is no evidence in the record to support his contention on this point, while he is flatly and squarely contradicted by his failure and refusal to examine the books and show such charges.

The appellee was the trusted and confidential agent and employe of the appellant.    He had the confidence of its officers in full measure, used its materials and credit at his pleasure, and kept his own account of the same.    His own evidence and much other evidence in the record show him to be indebted to the appellant in a large sum for which no credit has been given, which seems not to have been considered and allowed by the jury, and hence appellant's contention that the verdict is not supported by sufficient evidence, and that the amount of the appellee's recovery is excessive, must prevail.    Upon any possible hypothesis under the proved and admitted facts in this case, the amount of the judgment is erroneous.    The limits of the amount claimed by appellee in his own direct evidence was but $1,652.09, and deducting from this the aggregate sum say in round numbers of $700.00, which the evidence clearly shows should operate as a credit in favor of appellant, would leave a balance due the appellee of only $592.09, while the judgment is for $1,350.34.

In reaching this conclusion, we have not lost sight of the wholesome rule that an appellate tribunal will not weigh the evidence where there is a conflict, nor have we invaded it in any degree.    There is no con-

flict in the evidence to weigh, while the uncontradicted evidence strongly supports the conclusion reached.

Appellee insists that the appellant has not made its codefendant, Philip Matter, a party to this appeal, and hence no questions are presented under the assignment of errors for our consideration. We do not think there is any merit in this insistence. It is true, as shown by the record, that Philip Matter was made a party defendant below, and that the record also shows that after the case was put at issue no further account was taken of him as a party to the action. On the contrary, it affirmatively appears that the judgment was rendered only against the appellant, the Anderson Glass Company. It further affirmatively appears that after the rendition of the judgment and the appeal was prayed to this court, it was granted on its filing an appeal bond in the penalty of $2,500 with Philip Matter as surety thereon. If Philip Matter had been a judgment defendant, he could not have become a surety on the bond in this appeal. The record does not show that the appellee made any objection to his becoming surety on the bond, and this of itself is sufficient to show that the appellee recognized the fact, as it is disclosed by the record, that he was not a judgment defendant therein. He not being a party to the judgment, he was not a necessary party to the appeal. Elliott Appellate Procedure, section 141. As it appears from the record that Philip Matter had no interest in the judgment in any manner, it follows that he could not appeal, and was not a necessary party to the appeal. Elliott Appellate Procedure, section 142. See, also, *Koons* v. *Mellett*, 121 Ind. 585; *Wilson* v. *Stewart*, 63 Ind. 294; *Logan* v. *Logan*, 77 Ind. 558; *Easter* v. *Severin*, 78 Ind. 540; *Hogan* v. *Robinson*, 94 Ind. 138. But, further, the record shows that this is

a term time appeal, under the provisions of section 638, R. S. 1881, being section 650, Burns' R. S. 1894, and even if Philip Matter was a judgment defendant, as the appellee contends, he was not a necessary party to the appeal under the provisions of the act of March 9, 1895 (Acts 1895, p. 179, and being section 647a, Burns' Supplement of 1897), which is as follows: "That whenever a part of any number of co-parties against whom a judgment has been taken, shall appeal from such judgment to the supreme or appellate court under the provisions of section 638, of the Revised Statutes of 1881, providing for term time appeals, it shall not be necessary to make such co-parties, on appealing, parties to the appeal, and it shall not be necessary to name them as appellants or appellees in the assignment of errors, but they shall be bound by the judgment on appeal to the same extent as if they had been made parties."

The Supreme Court has construed this statute in at least three different cases, in which it has been held that under the provisions of the act just quoted it is not necessary in a term time appeal to name co-parties either as appellants or appellees in the assignment of errors. *Smith* v. *Wells Mfg. Co.*, 144 Ind. 266; *Shuman* v. *Collis*, 144 Ind. 333; *Denke-Walter* v. *Loeper*, 142 Ind. 657. The statute quoted and the cases cited effectually dispose of appellee's contention adversely to him.

After carefully considering all of the facts disclosed by the record, and the rights of the parties to this appeal, we are led to the conclusion that the ends of justice will be best subserved by a re-trial of this cause, and therefore the judgment of the circuit court is reversed.