Schieber *v.* Traudt *et al.*

---

## Schieber *v.* Traudt et al.

[No. 2,388. Filed February 23, 1898.]

PRINCIPAL AND SURETY.—*Bills and Notes.—Extension of Time.—Consideration.*—Where the payee of a promissory note accepts interest thereon in advance, without the knowledge or consent of the surety, and in consideration thereof the time of payment is extended for a definite period, the surety is released from liability. *pp. 350-352.*

BILLS AND NOTES.—*Extension of Time.—Acceptance of Interest in Advance.*—The acceptance of interest in advance on a promissory note at or after the maturity thereof is *prima facie* evidence of a contract to extend the time of the note. *pp. 353-356.*

EVIDENCE.—*Weight Of.*—The Appellate Court will not weigh the evidence for the purpose of determining the preponderance thereof. *p. 356.*

From the Posey Circuit Court. *Affirmed.*

*S. M. Leavenworth* and *F. P. Leonard,* for appellant.

*S. V. Menzies,* for appellees.

WILEY, J.—Appellant sued appellees upon a promissory note, of which the following is a copy:

"$1,000.00.    Mt. Vernon, Ind., July 24, 1893. Thirty days after date, we or either of us, promise to pay to the order of J. W. Bluff, one thousand dollars and attorney's fees for collection; negotiable and payable at the office of the Mt. Vernon Banking Co.; Mt. Vernon, Ind., for value received, without relief from valuation or appraisement laws with eight per cent. interest from maturity.    Philip Traudt.    C. P. Klein & Co.    Security."

The principal on the note, Phillip Traudt, was defaulted and judgment rendered against him for the amount due.    The appellees Klein and Wasem were partners, and signed the note in their firm name and capacity.    That they were sureties on the note, is conceded.

The complaint avers, that after the maturity of the note the original payee, Bluff, for a valuable consideration, assigned it in writing to appellant, and a copy of the assignement, or rather of the indorsement, accompanies the complaint as an exhibit.    On the back of the note are the following indorsements of the payment of interest:    "Paid interest on within note, $80.00 July 24, '94.    Paid interest on within note, $80.00 July 24, '95."

Appellees Klein and Wasem answered in three paragraphs.    In each of the paragraphs of answer, appellees admit the execution of the note, but aver that they executed it as sureties of Traudt, who was principal, and that said fact was well known to the original payee, and to appellant at the time it was indorsed to him.

In the first paragraph of answer it is charged that on July 24th 1894, after the maturity of said note, the principal thereon paid to appellant $80.00 as one

year's interest, when at that time there was only due as interest $73.33 for eleven months, and that the amount in excess thereof, to wit, $6.67, was paid by said Traudt and received by the appellant, as interest in advance from July 24th 1894, to August 24th 1894, and that, as part of said agreement, appellant extended the payment of said note from July 24th to August 24th 1894. The answer then avers that such payment of interest and extension of time of payment were without the knowledge or consent of appellees or either of them. The second paragraph is like the first, except that its averments have reference to the payment of interest, etc., July 24th 1895.

The third paragraph is similar to the first and second, except that it is charged that in consideration of the payment of interest in advance July 24th 1894, appellant agreed with said Traudt to, and did without the knowledge or consent of appellees, extend the time of the payment of said note one year from said date. Appellant replied in two paragraphs: (1) General denial, and (2), that at the time the sums were paid on said note, as charged in the answer, appellant believed that it drew interest from date, and not from maturity, and that said sums were paid to and accepted by him in the honest belief that they were in settlement of interest that had accumulated, and were not accepted by him as payment of interest in advance. Upon the issues thus made, the cause was tried by the court, resulting in a finding and judgment for appellees Klein and Wasem. Appellant's motion for a new trial, which was overruled, rested upon the statutory grounds that the decision of the court was not sustained by sufficient evidence; that the decision of the court was contrary to law; and that the decision of the court was contrary to the law and evidence.

It being conceded that appellees Klein and Wasem were sureties on the note, then the payment of Traudt, and the acceptance by appellant of interest in advance, and, in consideration thereof the time of the payment being extended for a definite period, without the knowledge or consent of appellees, would in law release them from liability. The law is well settled upon this question. The general rule, as stated in the 24 Am. and Eng. Ency. of Law, p. 822, is, that "Any agreement upon a consideration between the creditor and the principal for an extension of time to the principal, without the surety's consent, will release the surety." In a very recent case it was said by the supreme court of Washington that where the payee of a joint and several note, with knowledge of the fact that one of the makers is a surety, after maturity of the note, accepts from the principal payment of interest to a time in the future, however short, such an acceptance amounts to an extension of the note, which releases the surety, unless made with his consent. *Bank of British Columbia* v. *Jeffs*, 15 Wash. 230, 46 Pac. 247. The agreement to extend must be based upon a sufficient consideration, and it has been held repeatedly that the actual payment of interest in advance for an extended period is a sufficient consideration upon which to base an agreement of extension, so as to discharge the surety. It also seems to be the settled law that the acceptance of interest in advance, at or after the maturity of the note, by the payee, is *prima facie* evidence of a contract to extend the time of the note, and to forbear to sue thereon. Among many cases so holding, we cite the following: *Hollingsworth* v. *Tomlinson*, 108 N. C. 245, 12 S. E. 989; *Wakefield Bank* v. *Truesdell*, 55 Barb. (N. Y.) 602; *Scott* v. *Saffold*, 37 Ga. 384. See, also, Brandt on Suretyship, 305.

It will be observed from the authorities cited that the payment of interest in advance by the principal debtor to the creditor, after maturity of a note, is *prima facie* evidence of an extension of time, and a forbearance to sue. Mr. Brandt says the payment of interest in advance is not of itself a contract to delay, but is evidence of such contract, but he also adds that the contract for forbearance need not be in express terms, nor proved by direct evidence. Brandt on Suretyship, 304, 305. Our Supreme Court has gone so far as to hold that the payment of interest in advance by the principal debtor, for a definite period, and its indorsement on the note, constitute an implied agreement to give time, and discharge the surety. In *Woodburn* v. *Carter*, 50 Ind. 376, the court, by Downey, J., said: "The inference is irresistible that, where a creditor receives a payment of interest in advance on his note from the debtor, there is a contract to extend the time of payment during the period for which the interest is paid."

In *Hamilton* v. *Winterrowd*, 43 Ind. 393, the court said: "The payment of interest in advance by a debtor to the creditor, the latter receiving it as such, implies an agreement for forbearance during the time for which such interest is paid, unless there is some agreement or understanding to the contrary. The counsel for the appellant claim that there must have been an express agreement for forbearance. We do not think so. The law implies contracts in a great variety of cases. Those that are implied are as binding as those which are expressed by the parties. A very large proportion of the contracts that are made upon the subjects of adjudication are those implied by law. When a debtor pays to his creditor interest in advance on money which he owes him, and the

creditor receives it as such, in the absence of any understanding to the contrary, the implication is irresistible that the debtor is to have the use of the money during the time for which interest is paid, and that the creditor shall forbear enforcing collection during the same time. We think the law clearly implies an agreement for forbearance in such cases." While in some states a different rule prevails, the one announced above has been adhered to in this State without deviation, and seems to us to be well grounded in sound principle and strong equity. Sureties are favorites of the law, and are so recognized everywhere; and the rule that an agreement for the extension of time of payment between the principal and payee, for a definite period, and for a sufficient consideration, discharges the surety, is for the protection of the latter. As was said in *Post* v. *Losey*, 111 Ind. 82: "The reason why extension of time of payment discharges the surety is that he would be entitled to the creditor's place by substitution, and if the creditor, by agreement with the principal debtor, without the surety's assent, disables himself from suing when he would be otherwise entitled to do so, and thus deprives the surety, on paying the debt, from immediate recourse on his principal, the contract is varied to his prejudice; hence he is discharged. But this principle on which sureties are released 'is not a mere shadow without substance. It is founded upon a restriction of the rights of the sureties by which they are supposed to be injured.' "

With these authorities to guide us, and keeping in view the rule that the acceptance of interest by the payee from the principal in advance implies an agreement to extend the time of payment, and is *prima facie* evidence of such agreement, we must look to the evidence to determine the question in controversy.

The evidence is in narrative form, and touching the point under consideration, is very brief.

The record shows an admission on the part of the appellant that Klein and Wasem did not know that interest had been paid in advance; that they did not know anything about the payment of interest, and that neither of them ever gave consent that interest might be paid in advance. August Schieber, Jr., son of appellant, testified that he acted as agent of his father in making the collection of the payments of interest which are indorsed on the note, and that nothing was said about paying the interest in advance.

The appellant testified that his son acted as his agent in making the collections of the interest indorsed on the note; that he never spoke to Traudt about it; that his son had no authority to make any contract for the extension of time of payment; and that, when the first payment of interest was made, he did not know that any part of it was interest in advance.

It will be observed that the appellant himself does not say anything about the second payment of interest, but simply says that, when the first payment was made, he did not know that any part of it was interest in advance. Such second payment being an implied contract to extend the time of payment, there was no evidence to rebut it, and the court might well assume that such contract was made. Appellant's son does not say there was any contract to the contrary, but merely says there was nothing said between Traudt and himself about paying the interest in advance. The evidence on this point therefore resolves itself to this: That, as to the first payment, appellant and his son simply say they did not know any interest was paid in advance; and, as to the second payment, appellant is silent. The court had this evidence and the

witnesses before it, and from the evidence might have found, and in fact must have found, in favor of appellees, that there was an agreement on the payment of the interest in advance, to extend the time of payment; hence the case is before us for our decision on the weight of the evidence.   The payment of interest in advance being *prima facie* evidence of an agreement to extend the time of payment, and its acceptance by the creditor implying an agreement of forbearance during the time for which interest was paid, the court below evidently came to the conclusion that the evidence was not sufficient to overcome this *prima facie* case, and the implied contract, and hence found for appellees.   Under the rule in this State, from which courts of last resort have never departed, we cannot weigh the evidence where there is some evidence tending to support the judgment.   Judgment affirmed.