## HOLLINGSWORTH v. HOLLINGSWORTH, EXECUTRIX.

[No. 7,545. Filed April 5, 1912.]

1. APPEAL.—Review.—Judgment.—Against Uncontradicted Evidence.—Although a judgment of the lower court will not be reversed on the mere weight of testimony, a reversal will be ordered if the judgment is against the uncontradicted evidence. p. 138.

2. APPEAL.—Review.—Evidence.—In an action on a claim against an estate for services rendered the decedent, where the substance of the uncontradicted evidence shows that during the period of his last illness, and out of the presence of the claimant, decedent had said that he would rather have the claimant wait on him than anyone else, and that he would see that claimant would be paid for his services if he would stay with him, and a part of the evidence as to the amount of services rendered, and their nature, showed that the services were such as might have been rendered without any thought of or desire for compensation, the finding and judgment of the lower court against the claimant will not be reversed on the theory that the undisputed evidence shows a contract under which some services were rendered. p. 139.

3. APPEAL.—Review.—Preponderance of Evidence.—Findings.—The findings of the trial court will not be disturbed on appeal because of any apparent preponderance of the evidence. p. 140.

From Henry Circuit Court; Ed Jackson, Judge.

Action by Carl S. Hollingsworth against Julia Hollingsworth, as executrix of the last will of Joseph R. Hollingsworth, deceased. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Medsker & Medsker, Forkner & Forkner,* for appellant.
*Barnard & Jeffrey,* for appellee.

HOTTEL, J.—This is an action on a claim filed by appellant against the estate of his uncle, Joseph R. Hollingsworth, to recover for services alleged to have been performed for decedent during his illness. Said claim was disallowed by the executrix of the estate, and placed on the docket of the Henry Circuit Court, where a trial by the court, without the intervention of a jury, resulted in a finding and judgment for appellee.

A motion for a new trial filed by appellant was overruled, and this ruling presents the only error assigned and relied on. This court is asked to reverse the judgment of the court below on the evidence, the sufficiency thereof to sustain the decision being the only ground of the motion for new trial discussed.

It is urged by appellant that the uncontradicted evidence shows "that there was a contract that deceased would pay the appellant for his services and * * * that

1. *some* services were rendered which entitled him to *some* amount of compensation." If appellant be correct in this contention, it would be a denial of justice to permit the judgment to stand. A reversal on such grounds would not be a violation of the rule "that this court will not reverse a judgment of the court below upon the mere weight of testimony." *Fulmer* v. *Packard* (1892), 5 Ind. App. 574, 32 N. E. 784; *Butterfield* v. *Trittipo* (1879), 67 Ind. 338; *Dockerty* v. *Hutson* (1890), 125 Ind. 102, 25 N. E. 144; *Anderson Glass Co.* v. *Brakeman* (1898), 20 Ind. App. 226, 47 N. E. 937.

An examination of the evidence in the record discloses

that there was evidence tending to show that the decedent, during his period of illness, had said that he would rather have Carl (the appellant) to wait on him than any one else, and he would see that Carl would be paid for it as soon as he got able to pay for it, if he would stay there.

This quotation from the testimony of appellant's father is the substance of all the evidence introduced for the purpose of establishing the alleged contract or agreement. Two or three other witnesses testified substantially to the same language used by decedent, and this evidence was uncontradicted. It was not claimed by any of the witnesses testifying to such language that the same was used in the presence of appellant, and no definite time, with reference to the services rendered, was fixed by any witness as to when the conversation with decedent was had. The evidence as to the amount of services rendered and their nature is conflicting. According to the testimony of several of the witnesses, who were in a position to see and know, the character and the amount of the services rendered by appellant were such as might have been gratuitously rendered by any neighbor or friend, especially by a relative, without any thought of or desire for compensation.

Appellant makes his mistake in assuming that the undisputed evidence shows a contract or agreement under which some services were rendered. While the statement of the decedent, showing his appreciation of the services and an intention to pay for the same, would have justified the court in finding that such services were rendered by appellant under an agreement by which he expected to be, and was entitled to be, paid therefor, such evidence did not necessitate such conclusion, and the court, considering the evidence as a whole, may have concluded that the services actually rendered by appellant were gratuitously rendered, without any present intent of charging for the same, and, in fact, without any knowledge of the expressed intention of decedent

that he should be paid therefor. The uncontradicted evidence does not therefore conclusively show that the particular services, or any part thereof, for which appellant sought a recovery, were rendered with an understanding that such services would be paid for.

The trial court, with an opportunity to weigh the conflicting evidence and to observe the conduct and manner of the several witnesses, has found that appellant is not 3. entitled to compensation for his alleged services, and this court cannot disturb such finding because of any apparent preponderance of the evidence. *Williams* v. *Chapman* (1903), 160 Ind. 130, 132, 66 N. E. 460; *Seisler* v. *Smith* (1898), 150 Ind. 88, 90, 46 N. E. 993; *Hamilton* v. *Hanneman* (1898), 20 Ind. App. 16, 22, 50 N. E. 43; *Schieber* v. *Traudt* (1898), 19 Ind. App. 349, 356, 49 N. E. 605.

It cannot be said that there was no evidence to support the decision of the court, and the judgment will, therefore, be affirmed.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 79. See, also, under (1) 3 Cyc. 362; (2) 18 Cyc. 532, 1029; (3) 3 Cyc. 364. As to the presumption that services rendered by relatives are gratuitous, see 138 Am. St. 250.