ARPAS ET AL. *v.* MISHAWAKA RUBBER & WOOLEN COMPANY ET AL.

[No. 15,115. Filed January 6, 1936.]

*William A. Fuzy, McMahan, Strom & Hulbert,* for appellants.

*James H. Sacks,* for appellees.

WIECKING, J.—This was an action by the appellants against the appellees to replevy certain personal property alleged to belong to the appellants and which the appellee Holley, as sheriff of Lake county, Indiana, had levied upon by virtue of a writ of attachment issued in an action commenced by appellee corporation against one Andrew Arpas and his wife. The complaint was in one paragraph and was supported by an affidavit for immediate delivery of the property described in the complaint. To this complaint the appellees filed an answer in general denial closing the issues. The cause was submitted to a jury for trial and resulted in a verdict for the appellees, upon which the court entered judgment. The appellants seasonably filed a motion for new trial which was overruled and have perfected their appeal to this court. The error assigned here is the overruling of the motion for new trial. Two specifications of the motion are presented here:

(1) The verdict of the jury is not sustained by sufficient evidence; (2) the verdict of the jury is contrary to law.

The evidence discloses that prior to February, 1932, Andrew Arpas had operated a mercantile establishment in East Chicago, Indiana, at 4841-43 Alexander Avenue under the name of Arpas Banner Department Store. That on the 20th day of February, 1932, Andrew Arpas sold all of the goods and fixtures and good will of said business to the appellants Stephen Arpas and John A. Morton for the sum of $1,000.00 in cash. That thereafter the appellants operated a similar store known as the Banner Department Store on Alexander Avenue in East Chicago, Indiana. That after the sale and purchase above the appellants purchased other merchandise

in the sum of $600.00 and made sales from all the merchandise in the total sum of $800.00. On May 22, 1932, two attorneys for the appellee corporation, with two deputy sheriffs of Lake county, Indiana, came into the store and asked for some money from Andrew Arpas. They were informed that Andrew Arpas had no interest in the store and were shown the bill of sale from Andrew Arpas to appellants. The deputy sheriffs then stopped but were told to go ahead by the attorneys. They removed merchandise of a value of $372.54, the larger part of which had never belonged to Andrew Arpas but had been purchased by appellants subsequent to the sale of the store to them. The appellants posted a replevin bond and the property was returned to them. The merchandise had been roughly handled and the value upon its return was placed at $110.00. This evidence is undisputed. No evidence of any character was introduced by the appellees.

It is apparent from the above recital of the evidence that the appellants were the owners of the property described in the complaint and in possession of it at the time it was seized under a writ of attachment directed against Andrew Arpas. The Bulk Sales Law was not in question in this action nor was the question of whether or not the creditors of Andrew Arpas were properly notified of the sale of his store and fixtures in February, 1932. The remedy for failure to comply with the requirements of the Bulk Sales Law is contained within that statute.

It is well settled that an appellate tribunal will not weigh the evidence, but when the record discloses a failure of the evidence on any material question, it is the duty of this court to reverse the judgment. *Moellering* v. *Kayser* (1887), 110 Ind. 533, 11 N. E. 604; *Anderson Glass Co.* v. *Brakeman* (1898), 20 Ind. App. 226, 47 N. E. 937.

The verdict of the jury under the facts is not sustained by sufficient evidence and is contrary to law. The court erred in overruling the appellants' motion for new trial.

Judgment reversed with instructions to grant appellants' motion for new trial, and for further proceedings consistent with this opinion.