BROWN *v.* JONES.

[No. 19,472. Filed April 2, 1962.]

*Berry, Kincade & Allen,* of Terre Haute, for appellant.

*Jerry W. Jones,* of Indianapolis, for appellee.

RYAN, C. J.—This action was brought by the appellant to recover damages for alleged personal injuries arising out of a motor vehicle collision between a car driven by the appellant and one driven by the appellee. Trial was had by a jury, which returned a verdict for the appellee and against the appellant, who was the plaintiff. Consistent judgment was rendered thereon, and the appellant's motion for a new trial was overruled, which appellant now assigns as error in this court. The only specification of error contained in the motion for a new trial is that the verdict is contrary to law.

A verdict is contrary to law if the undisputed evidence in the case entitles the one who has the burden of proof to a verdict which has been denied him. In determining this question we consider only the evidence most favorable to the appellee, to-

gether with all reasonable inferences which may be drawn therefrom, and further it is only where the evidence is without conflict and leads to but one conclusion and where an opposite conclusion has been reached that such decision will be set aside as being contrary to law. *Hinds, Executor etc.* v. *McNair et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

A recitation of the evidence adduced at the trial in this particular case would not particularly serve any useful purpose. There was a conflict in the evidence, as for example there was testimony that the appellee was driving his car between forty (40) and fifty (50) miles per hour, and also testimony that he was driving between twenty (20) and twenty-five (25) miles per hour. There was also some conflict in the evidence as to whether the appellee could have seen appellant's car from a distance of five hundred (500) feet or from a distance of two hundred (200) feet before the accident.

Not being constrained to hold under the evidence that only one conclusion could be reached, the judgment is affirmed.

Judgment affirmed.

Ax, Cooper, and Myers, JJ., concur.

NOTE.—Reported in 181 N. E. 2d 258.