MARY JANE LEGLER *v.* T. R. LEGLER.

[No. 670A95. Filed October 1, 1971.]

*Rice and Vanstone,* of Evansville, for appellant.

*John D. Clouse, Bamberger, Foreman, Oswald & Hahn,* of Evansville, for appellee.

WHITE, J.—Mr. and Mrs. Legler were divorced in June, 1966. The divorce decree gave her the family residence in Evansville, Indiana, which she later sold to Mr. Legler. He brought suit to evict her and she appeals from a judgment awarding him immediate possession, damages of $1,750.00 and denying her counterclaim for rescission of her conveyance of the property to him.

The evidence most favorable to the plaintiff-appellee, Mr. Legler, discloses that after the divorce Mrs. Legler continued to live in the house with the two minor children whose custody was awarded to her by the divorce decree. In June of 1967 she offered the house for sale at a public auction, where there were several bidders. Her ex-husband opened the bidding at $35,000.00 and eventually became the highest of three bidders at $38,500.00. (Her contract with the real estate dealer-auctioneer provided for a minimum sale price of $35,000.00, with possession to be delivered on date of sale.) After the auction defendant-appellant Mrs. Legler, as seller, and plaintiff-appellee, Mr. Legler, as buyer, entered into a contract for the conveyance of the residence property to Mr. Legler. That contract was soon performed by the payment of $38,500.00 cash for Mrs. Legler and the delivery of her deed to Mr. Legler. Both parties were present at the closing which took place at the office of a savings and loan association where Mr. Legler had obtained a $30,000.00 mortgage loan to finance that much of the purchase price. Soon after the closing Mrs. Legler turned the key over to Mr. Legler and went to California leaving the two children with Mr. Legler, who moved in July 1, 1967, immediately after she left.

About September 16, 1967, she returned[1] and asked to stay in the house because she was sick and exhausted with no

---

1. The recitals of the testimony in the briefs are not convincingly clear whether by Mr. Legler's testimony, Mrs. Legler made two trips to California, staying in the house in Evansville (Mr. Legler absent) between trips a few days in August, 1967. The discrepancy is of no significance.

other place to stay. Mr. Legler consented to her living there until she found another place and, in his words, he "packed a suitcase and left." At the end of October she had not yet found another place. At that time he moved back in and lived there with her until April of 1968, when he left.

He also testified that during the time he lived there with her he paid her $100.00 per week for child support and compensation for housekeeping. Also, that the rental value of the house was $375.00 to $400.00 per month. There was evidence from a real estate man who attended the auction but did not bid, that the fair value of the property for investment purposes was $36,000.00, but it could have a higher value to Mr. Legler who owned the property surrounding it.

Under date of July 29, 1968, Mr. Legler mailed Mrs. Legler a rental agreement fixing rent at $350.00 per month, which she rejected. About October 1, 1968, he gave her a three-day written notice to vacate and about April 17, 1969, gave her a ten-day notice. Suit was filed May 1, 1969, demanding possession and damages of $350.00 per month since July 29, 1968, alleging that defendant, Mrs. Legler, had been a "tenant at sufferance" since that date.

Mrs. Legler filed an answer of denial and a counterclaim praying that her sale of the property to Mr. Legler be set aside. She alleged that "for the purpose of inducing the Defendant to convey to the Plaintiff the . . . [residence property] the Plaintiff fraudulently represented and promised that the parties would reconcile their marriage and would either have the divorce annulled or they would remarry . . . that the Plaintiff would purchase the home from the Defendant, and that the Defendant and the parties' minor children would have possession of the same." She also alleged that she made the sale "in reliance upon said representations but that the defendant failed and refused to have the divorce annulled or remarry the defendant."

Her testimony and written exhibits tended to support the

allegations of her counterclaim and, in view of the result we reach, it is of no consequence whether that evidence was sufficient to have sustained a finding (had such a finding been made) that every material allegation of her counterclaim had been proven.

Appellant Mrs. Legler's motion to correct errors, liberally construed in her favor, presents the issue of whether the trial court's decision on the complaint is sustained by sufficient evidence and the issue of whether the decision on the counterclaim is contrary to law. Thirdly, she claims error in the sustaining of "objections to questions relating to the parties resuming their marital relationship." She contends she "was thus prevented from having a fair trial by not being able to present evidence on her theory of the case as set out in her pleadings."

Since we are told by appellant's brief nothing at all about what the record shows the grounds of her objection were or what offers to prove (if any) were made we do not know whether it was error to sustain the objections or whether appellant was harmed thereby.

As to the sufficiency of the evidence, we have not been told what (if any) essential element or elements of plaintiff's case for possession and damages are unsupported by substantial evidence of probative value.[2] In the absence of any convincing argument in that regard we assume that the evidence most favorable to plaintiff-appellee, as heretofore recited, has proved his case for possession and damages.[3]

---

2. "It is well settled that an appellate tribunal will not weigh the evidence, but when the record discloses a failure of the evidence on any material question, it is the duty of this court to reverse the judgment. *Moellering* v. *Kayser* (1887), 110 Ind. 533, 11 N.E. 604; *Anderson Glass Co.* v. *Brakeman* (1898), 20 Ind. App. 226, 47 N.E. 937." *Arpas* v. *Mishawaka Rubber & Woolen Co.* (1936), 101 Ind. App. 251, 253, 199 N.E. 167.

3. ". . . [T]he presumption of fact on appeal is in favor of the judgment of the trial court, and appellants, to prevail, must show that no basis was proved for the judgment appealed from." *McDonald* v. *State* (1931), 202 Ind. 409, 415, 175 N.E. 276.

With respect to the decision on her counterclaim, Mrs. Legler has failed to show that the evidence in support thereof is without conflict and that the only conclusion that can reasonably be drawn therefrom is that the allegations of her counterclaim are true.[4] Her argument in this respect is: "Mr. Legler did not deny this agreement and the evidence show [sic] that all of these provisions have been performed except for the setting aside of the divorce or a ceremony of marriage." It may be true that he made no express or categorical denial, but the facts leading to his successful bid at the auction sale, as testified to by him, as well as the very fact of the auction itself, are susceptible of the reasonable inference that there was no such agreement.

In view of this failure of proof, there is no need to consider whether the facts pleaded in the counterclaim state either a cause of action or a claim on which relief can be granted.

Appellant having failed to sustain her burden of demonstrating reversible error, the judgment is

Affirmed.

Hoffman, C.J., Sharp and Staton, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 303.

---

4. "If the undisputed evidence entitles the one who has the burden of proof to a verdict which has been denied him, such verdict is contrary to law. However, it must appear that the evidence was without conflict and led to but one conclusion and the trial court reached an opposite conclusion, before the verdict or judgment will be set aside as being contrary to law. *Hinds, Executor of Estates of Sickels, deceased,* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N.E. 2d 553; *Pokraka et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N.E. 2d 669; *Brown* v. *Jones* (1962), 133 Ind. App. 247, 181 N.E. 2d 258." *Jones* v. *First National Bank* (1968), 143 Ind. App. 243, 246, 239 N.E. 2d 398.