## EVERROAD v. FLATROCK TOWNSHIP.

OFFICE.—*Township Trustee.*—*Term of Office.*—The power and authority of an outgoing township trustee ends when his successor is elected and qualified.

SAME.—The term of office of an incoming township trustee commences when he is elected and qualified.

SAME.—When a new township trustee is elected and qualified, the former trustee is no longer an officer *de jure* or *de facto*.

OFFICER.—*Contract.*—A contract made by an officer as such after he has been superseded by a successor is invalid.

From the Bartholomew Circuit Court.

*S. Stansifer*, for appellant.

*W. W. Herod* and *F. Winter*, for appellee.

PETTIT, C. J.—This suit was brought by the appellant, Tilman F. Everroad, against Flatrock Township, in Bartholomew county, on a contract alleged to have been made by one Stoughton, as trustee of the township, with the plaintiff, for building a brick school-house in said township for the sum and price of one thousand seven hundred and fifty dollars. It is alleged in the complaint that Newton, the successor of Stoughton as trustee, refused to allow the plaintiff to build the house, and that the building would not have cost him more than one thousand dollars, and demands judgment for eight hundred dollars.

To this complaint, the defendant answered in three paragraphs, the third of which was as follows:

" 3. For third and further answer herein, said defendant says that said Stoughton, who executed the contract sued on, assuming to be the trustee of defendant, was elected trustee of defendant on the general election held on the 11th day of October, 1870, for the term of two years and until his successor was elected and qualified; that on the 27th day of October, 1870, said Stoughton duly qualified as such trustee by taking the oath and giving the bond required by law in such matters; that he thereupon assumed and took upon himself the duties of said office; that on the general election held on the

8th day of October, 1872, John Newton was duly elected the successor of said Stoughton as trustee of defendant, and on the 19th day of October, 1872, said Newton duly qualified as such trustee, by taking the oath and giving bond as required by law, which bond was, on said day, accepted and approved by the auditor of said county, and thereupon, to wit, on the 20th day of October, 1872, said Newton notified said Stoughton he had so qualified as trustee, and demanded of him all the records and papers of said office in his possession ; that on the 26th day of October, 1872, and after more than two years had expired from October 11th, 1870, and after said Newton had qualified as such trustee, and after he had notified said Stoughton as aforesaid, and demanded said records and papers, said Stoughton, assuming to be still the trustee, but without authority in law or fact to do so, entered into and executed the contract sued on, which said contract, so far as it undertakes to bind defendant, is null and void, and defendant demands judgment."

To this paragraph of the answer, a demurrer for want of sufficient facts was overruled, and this ruling is assigned for error, and the following reply was filed to this paragraph of the answer, to which a demurrer for want of sufficient facts was sustained :

" The plaintiff, for reply to the third paragraph of answer, says : 1st. That when said Stoughton executed said contract as trustee of said township, two years had not expired since the date of his qualification as such trustee ; that he qualified on the 27th day of October, 1870, and he executed the contract in suit on the 26th of October, 1872 ; and when he executed said contract, he was in possession of said office of trustee, performing all of the duties thereof, and he did not surrender said office or the books and papers thereof to said Newton until after the day on which said contract was executed, and said Newton did not in any manner enter upon the discharge of the duties of said office of township trustee until after said 26th day of October, 1872."

This answer and reply raise and present these questions :

1. When does an outgoing officer's power and authority end?

2. When does an incoming, or a successor's, office commence?

3. Who is an officer *de facto*, and who is an officer *de jure* ?

4. The validity of a contract made by an officer after he has been superseded by a successor.

These questions have been so fully considered by this court, in the cases of *Steinback* v. *The State, ex rel. Madison Township*, 38 Ind. 483, *Baker* v. *Kirk*, 33 Ind. 517, 523, 524, *Tuley* v. *The State*, 1 Ind. 500, 505, and *The Governor* v. *Nelson*, 6 Ind. 496, 499, showing that the answer was good and the reply bad, that we need only refer to those cases, without copying from them.

There is an assignment of a cross error by the appellee, but we do not think it necessary to pass upon it, as it did the appellee no injury, she having defeated the action against her.

The judgment is affirmed, at the costs of the appellant.