No. 8460.

## DAVIS *v.* FOGG ET AL.

CLARK'S GRANT.—*Clarksville.*—*Action Against Trustees by Inhabitants.*—*Parties.*—A citizen and taxpayer of the town of Clarksville, suing for himself and the other inhabitants thereof, can not maintain an action in his own name, for the management and application of the fund belonging to the town, derived from the sale of lots, under the direction of the court, neither the corporation nor its trustees or officers being made parties, and the complaint containing no allegation of any official default or dereliction of duty on their part, or that they have refused to sue.

From the Clark Circuit Court.

*J. H. Stotsenburg,* for appellant.

*A. Dowling,* for appellees.

Morris, C.—The appellant, on behalf of himself and the inhabitants of the town of Clarksville, brought this suit against the appellees, as the pretended trustees of said town, charging them with having in their hands a fund belonging to the town, derived from the sale of lots by certain commissioners appointed for that purpose by the Legislature of Virginia, in 1783. The complaint is, in substance, the same as that in the case of *Carr* v. *McCampbell*, 61 Ind. 97, except that, in this case, nothing is said about the town of Ohio Falls, and the appellant prays that the appellees be required to give bond for the security of the fund, and that, under the direction of the court, they be compelled to apply it for the benefit of the inhabitants of said town as contemplated by the statute of Virginia, passed in 1783.

The appellees demurred to the complaint. The demurrer was sustained, and judgment rendered for the appellees.

The sustaining of the demurrer is assigned as error.

We think the court did not err in sustaining the demurrer. If the appellees have, as alleged in the complaint, the possession of funds derived from the sale of the lots in the town of Clarksville, such fund, under the act of June 17th, 1852, belongs to said town. The facts stated may show that the town, through its trustees, is entitled to sue for and recover this fund, but they do not show that the appellant is entitled to maintain this action. There is no allegation in the complaint of any official default or dereliction of duty on the part of the town or its officers in relation to this fund, nor that it or they have refused, upon proper application, to sue for and recover it. Neither the corporation nor its trustees or officers are made parties to the suit. Under such circumstances, a citizen and taxpayer of the town can not, we think, maintain an action in his own name, for the management and application of the fund. Were it shown that the appellees were the trustees of the town, an action against them to account should be brought in the name of the corporation, unless it appeared in the complaint, that, for sufficient reason, this could not be

done. *Brown* v. *Vandyke,* 8 N. J. Eq. 795. But it is al-leged that the appellees were not, though they claimed to be, the trustees of the town of Clarksville. We think, upon the facts stated, no cause of action exists in favor of the appellant. *Carr* v. *McCampbell, supra.*

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellant.