THE COLLINS PARK AND BELT RAILROAD COMPANY *et al.* *v.* THE SHORT ELECTRIC RAILWAY COMPANY *et al.*

LUMPKIN, J.—Unless a " judgment for a sum certain" has been rendered in the trial court, the Supreme Court has no authority, under section 4286 of the code, to award damages in favor of the defendant in error against the plaintiff in error, although in the opinion of the court the cause was taken up for delay only. In such case, the plaintiff in error will be allowed to withdraw the writ of error over the objection of opposing counsel. *Brantley* v. *Buck et al.,* 62 *Ga.* 172; *Ransom & Co.* v. *Coleman,* 45 *Ga.* 316; *Bailie* v. *Kinchley et al.,* 52 *Ga.* 487; *Dozier et al.* v. *Williams,* 57 *Ga.* 600. *Leave to withdraw granted.*

November 12, 1894. By two Justices.

Application to withdraw writ of error.

The exceptions were, to an order directing the receiver of the property of a railroad company to sell the same, under certain provisions.

SIMMONS & CORRIGAN, for plaintiffs in error. HINES & FELDER, GLENN & SLATON, J. A. ANDERSON, N. J. & T. A. HAMMOND, ELLIS & GRAY and PALMER & READ, *contra.*

---

CROSTHWAIT *v.* JAMES *et al.,* and *vice versa.*

ATKINSON, J.—Where suit is brought against partners in their firm name, and personal service is had upon each, and a verdict is rendered against the partnership, and the members of the firm make a motion for a new trial, which is granted, upon writ of error to this court each member of the firm is a necessary party defendant in error, and a failure to serve one of them with a copy of the bill of exceptions is cause for dismissing the writ of error.

November 26, 1894. *Writ of error dismissed.*

R. J. JORDAN, for plaintiff.

HILLYER, ALEXANDER & LAMBDIN, for defendants.