The Title Guarantee and Loan Company of Savannah
*v.* Holverson, by next friend, *et al.*

1. Where one who was a party defendant in error to a case in this court, in his representative capacity as trustee and executor of a deceased testator, himself died, and upon his death being sug-

gested the case was continued for the purpose of allowing a party to be made in his stead, the administrator of the individual estate of the deceased defendant in error could not, at the next term, properly be made a party defendant in error, it not appearing that it was a case involving any personal or individual liability on the part of the deceased defendant in error, arising from his office as trustee and executor, or otherwise; and although this court passed an order allowing the administrator to be made a party, the case must nevertheless be dismissed for want of proper parties, the order just mentioned expressly providing that the effect of granting the same should be determined when the case came on for consideration upon its merits.

2. Under the facts disclosed by the record in this case, there was no error in confirming the sale, or in adjudging that the plaintiff in error was bound by its bid.

April 1, 1895. Argued at the last term.

Equitable petition. Before Judge FALLIGANT. Chatham superior court. June term, 1893.

ISAAC BECKETT, J. A. ANDERSON and HARRISON & PEEPLES, for plaintiff in error

McALPIN & LAROCHE, *contra.*

LUMPKIN, Justice.

By the will of Christie Holverson, certain realty therein described was devised to S. F. Dupon as executor and trustee, in trust for the maintenance, education and support of Annie E. Holverson, a minor, with a provision that if she should die before attaining her majority, the trust should be for the use and benefit of the orphans of the Lutheran Church of Savannah. The will also provided that in the event it should become necessary to sell or dispose of any part or the whole of the real estate of the testator, payment therefor should be made by the purchaser in bonds of the State of Georgia, the proceeds of such sale to be held by the trustee for the sole benefit of the said Annie E. Holverson. The latter, by her next friend, filed in the superior court of Chatham county a petition praying for a sale of the realty which had been devised as above stated, for the purpose of reinvestment. The petition alleged that she had re-

quested the executor to make such sale and reinvestment, but that he had refused to do so; and the prayer was, that the court direct him to sell the property and deposit the proceeds, after paying expenses, in bank until the further order of the court. Process was prayed against the orphans of the Lutheran Church, by their legal representatives, the trustees of the Protestant Lutheran Church, and against Dupon as executor and trustee.

Dupon answered, admitting the allegations of the petition, setting forth certain good reasons why it was not to the interest of the estate to comply literally with the provisions of the will and sell upon terms requiring the purchaser to pay for the property in bonds of the State of Georgia, and recommending that the property be sold for cash and the proceeds be reinvested in some security or investment that would yield a reasonable income or profit.

The trustees of the Protestant Lutheran Church of Savannah, alleging themselves to be also trustees of the orphans of that church, answered admitting the allegations of the petition, and, so far as their interest was concerned, joining in the request that the court grant the relief prayed for by the petitioner.

A decree was rendered directing a sale of the property and a deposit of the proceeds in a certain bank until the further order of the court. At that sale the Title Guarantee & Loan Company became the purchaser, but refused to comply with its bid, and afterwards resisted, on various grounds, an application for a confirmation of the sale which was duly filed in behalf of Annie E. Holverson by the same next friend who had represented her in the original petition for sale and reinvestment. The court passed an order confirming the sale and declaring the company bound by its bid. It excepted and brought the case to this court for review. While the

writ of error was pending here, Dupon died.   Upon a
motion to make parties, this court allowed the adminis-
trator of his individual estate to be made a party de-
fendant in error; but in the order so doing, expressly
provided that the effect of granting the same should be
determined when the case came on for consideration
upon its merits.   This was done because a motion had
been made to dismiss the writ of error for the want of
proper parties, and the question was reserved for further
consideration.   Afterwards, it was held that the admin-
istrator of Dupon was not a proper party defendant in
error in his stead, and it was ordered that the writ of
error be dismissed.   There was a motion to reinstate,
which, on proper cause shown, was granted; the admin-
istrator *de bonis non* with the will annexed of Christie
Holverson was made a party, and the case was then de-
cided upon its merits.

1. While the executor of an executor is the proper
legal representative of the first testator, the administra-
tor of an executor is not.   This was conceded by coun-
sel for the plaintiff in error.   The whole difficulty arose
because, by mistake, the wrong person was made a party
defendant in error in the first instance, and the conse-
quences of this mistake were removed by the reinstate-
ment of the case and the making of the proper person
a party.

2. We will briefly notice four only of the objections
made by the Title Guarantee & Loan Company to the
confirmation of the sale by Dupon under order of the
court, the other objections, several in number, not being,
in our opinion, of sufficient importance to require special
mention.

First: It was insisted that the court had no authority
to grant to an executor, as. such, the power to sell prop-
erty for the purpose of making a change of investment.
Even if this be so, it must be remembered that the will of

Christie Holverson also conferred upon Dupon the office of trustee, and expressly directed that a sale for reinvestment should be made, if necessary. There can be no doubt that the judge of the superior court was the proper official to pass the order for a sale by the trustee; and although the application was made by the beneficiary, the answer of the executor, in effect, adopts it and makes its prayer his own.

Second: It was further contended that the original order of sale was void, because guardians *ad litem* were not appointed for the orphans of the Lutheran Church. According to the decision of this court in *White* v. *McKeon, executor*, 92 *Ga.* 343, it is exceedingly doubtful whether the orphans of the Lutheran Church were necessary parties at all to the application for sale, they being, as appears from the facts of this case, contingent both as to person and event. But even if they were, the trustees of the church, in their answer, expressly allege that under their charter they are also the legal trustees of the orphans, and there does not appear to have been any controversy as to this matter.

Third: The order of sale did not direct that the same should be made within sixty days from the date of the order, as required by the act of September 5, 1887 (Acts of 1887, p. 56), and it was therefore urged that because of this omission the sale was void. In point of fact, however, the sale was actually made within the sixty days, and this was sufficient. In the application for confirmation, the petitioner prayed that the order of sale be so amended *nunc pro tunc* as to expressly declare that the sale shall take place within sixty days from its date; but the court very properly held this amendment was unnecessary, and that the sale, so far as this question was concerned, was valid without such amendment.

Fourth: It sufficiently appeared that the terms of the will rendered a sale in strict compliance therewith prac-

cally impossible, for no one could afford to buy at a high price the bonds of this State for the sole purpose of becoming a bidder, with no certainty at all that he would really become the purchaser; and to confine the sale to those persons only who might happen to have in hand a sufficiency of the bonds in question to buy the property would result in there being practically no competition at all among the bidders; the property would probably be sacrificed, and thus the intention of the testator in providing for an advantageous sale and reinvestment would utterly be defeated. The judge therefore very wisely ordered the sale to be for cash, and the fact that he so ordered is no cause for holding the sale invalid. Besides, even after the sale, it was still within the power of the judge, if deemed advisable, to order the cash proceeds to be reinvested in Georgia bonds, which would practically carry out the provisions of the will.                                        *Judgment affirmed.*