## JOHNSTON *v.* MITCHELL.

1. SCHOOL BOARD — VACANCIES — MANDAMUS — OTHER ADEQUATE REMEDY.

2 Comp. Laws. 1897, § 4747, authorizes the board of trustees of a graded school district to fill vacancies in their number until the next annual meeting, and further provides that, on failure of the board to elect its own officers, they shall be appointed by the board of school inspectors. Section 4668 provides that, in case of a vacancy on the board of an ungraded district, the two remaining officers shall immediately fill such vacancy, and, in case of two vacancies, the remaining officer shall immediately call a meeting of the district to fill the vacancies; and that, in case the vacancies are not so filled within 20 days, the board of school inspectors shall fill them. Sections 4659–4661 make it the duty of any member of the district board to call a special meeting of the district, for the transaction of any special business, on the written request of five legal voters of the district. The concluding section of the act (4774) declares that all of its provisions (section 4639 *et seq.*) shall apply to every school district in the State, unless inconsistent with some special enactment of the legislature. *Held*, that *mandamus* will not lie to compel a trustee of a graded district to meet with his colleagues to fill two vacancies on the board, since there are other adequate remedies; section 4774 having the effect (*it seems*) of making applicable to graded districts the provision of section 4668 relative to the filling of vacancies by the board of school inspectors, and the remedy by special election, which is also rendered applicable, being presumed to be available in such cases where there is no showing that a written request of five legal voters could not be obtained.

2. SAME—COSTS.

The minority of a school board have no authority to commence an action in its name, and, if they do so, they will be individually responsible for the costs.

*Certiorari* to Oakland; Smith, J.   Submitted June 6, 1899.   Decided July 5, 1899.

*Mandamus* by Alfred Johnston, moderator, and Warren D. Clizbe, director, of school district No. one, fractional, of Bloomfield, Troy, Royal Oak, and Southfield, to compel George H. Mitchell, assessor of said district, to meet with relators for the purpose of filling vacancies on the district board.   From an order granting the writ, respondent brings *certiorari*.   Reversed.

*A. & S. H. Perry*, for relators.

*Jerome W. Robbins*, for respondent.

HOOKER, J.   Alfred Johnston is moderator, Warren D. Clizbe director, and George H. Mitchell assessor, of a graded school district.   The other two trustees resigned as early as January 5, 1899.   Johnston and Clizbe joined in an application for a *mandamus* to compel Mitchell to meet with them and fill the vacancies caused by such resignations, he having refused to do so.   Said application was sworn to on February 1, 1899.   The circuit court granted the writ, and the case is before us on *certiorari*.

2 Comp. Laws 1897, § 4747, *authorizes* the board of trustees to fill vacancies in their number until the next annual meeting.   A similar provision is found in section 4668, which provides for filling such vacancies in districts not graded.   It provides that, in case of such vacancy, the two remaining officers *shall immediately* fill such vacancy, and, in case of two vacancies, the remaining officer shall immediately call a meeting of the district to fill the vacancies, and, in case the vacancies are not filled in one of these modes within 20 days, the board of school inspectors shall fill them.   It is contended by counsel for the respondent that section 4747 contains a similar provision as to school inspectors; but we think the language of that section restricts the power of school inspectors to the election of the officers of the board.   Section 4774 provides:

"All provisions of this act shall apply and be in force in every school district, township, city, and village in this State, except such as may be inconsistent with the direct provisions of some special enactment of the legislature."

This provision has the effect to make section 4668 applicable to graded school districts, and the provision of that section as to school inspectors would be applicable, unless it should be thought that section 4747 is inconsistent with section 4668. We do not so consider it, but, if it were, the other provisions of section 4668 are applicable, and the vacancies could have been filled by the trustees, or at a special election called by the board for the purpose. *People* v. *Board of Education of Detroit*, 18 Mich. 400; *Keweenaw Ass'n* v. *School Dist. No. 1 of Hancock Tp.*, 98 Mich. 442. If it be said that the meeting could not be called, because Mitchell refused to join in a meeting for the purpose, the exigency could have been met under sections 4659, 4660, and 4661. Thus, there is full power in the district to fill such vacancies, either by a special meeting, or by action of the school inspectors, if such provision is applicable to graded districts. The record indicates that the respondent may have carried out the wishes of the district in not participating in an election to fill the vacancies. We are not advised that there would have been any difficulty in obtaining the desired written request of five legal voters of the district for a special meeting to fill these vacancies, or of any reason why the selection by the board would be preferable. It would certainly have been a more expeditious and less expensive way than to attempt to coerce a member of the board. We are of the opinion that this is not a case where there is no other remedy.

It appears to be thought that the petitioners could make the district a party to this proceeding; but the minority of the board had no such authority, and, notwithstanding the fact that they have petitioned as trustees, they have no standing here except as private litigants. It is as though any other voter of the district had instituted the

proceeding, without showing that his personal rights were injured.   See *People* v. *Whipple*, 41 Mich. 548.

The order of the circuit court is reversed, and the writ is denied, with costs of both courts against the relators personally.   This is not a proceeding by or against the district.

The other Justices concurred.