PIPE CREEK SCHOOL TOWNSHIP ET AL. *v.* WAGLER
ET AL.

[No. 11,491. Filed April 20, 1923. Rehearing denied June 28, 1923. Transfer denied April 23, 1924.]

1. APPEAL.—*Parties.*—*Public Officers.*—*Taxpayers.*—*When Will Be Heard.*—Where public officers take an appeal from a judgment against them in their official capacity, and subsequently others are elected to their places and succeed them, the latter, on their application, being substituted as appellants and move to dismiss the appeal, taxpayers of the municipal corporation represented by such officials will not be heard to object to the dismissal of the appeal where they were not parties in the trial court and have not been made parties on appeal, as only parties to an action, or their privies, can be heard as to the disposition thereof. p. 420.

2. SCHOOLS AND SCHOOL DISTRICTS.—*Change of Officials.*—*Control of School Affairs.*—The right of the officers of a school township to control its affairs terminates on the election and qualification of their successors, and the latter come into complete control of the management of the affairs of said township and may direct its policies in all matters relating to the schools thereof. p. 421.

From Miami Circuit Court; *B. C. Moon,* Special Judge.

Action for injunction by Franklin C. Wagler and others, as taxpayers of Pipe Creek Township, Miami

County, against the trustee and advisory board of Pipe Creek School Township. From a judgment for plaintiffs, the defendants appeal. Subsequently elected officials, after being substituted · as appellants, move to dismiss the appeal. *Appeal dismissed.*

*Guy R. York, Albert H. Cole, Hurd J. Hurst* and *Long & Yarlott,* for appellants.

*Russell J. Wildman, Tillett & Lawrence, George E. Ross, Kistler, Kistler & McHale* and *Andrews & Rhodes,* for appellees.

*B. F. Long,* Amicus Curiae.

NICHOLS, C. J.—Since this appeal, appellee Franklin C. Wagler has been elected as the trustee of appellant Pipe Creek School Township, and on January 1, 1923, succeeded appellant Jesse Mumaugh as such trustee. William Little, Marshall Smith, and S. A. Eshelman have been elected as members of the advisory board of such township and on January 1, 1923, they succeeded appellants George A. Wright, Elmer Pfaff and E. J. Spangler as such advisory board. On their application, such new township officers, by the order of this court, have been substituted as parties appellant. They now file their motion to dismiss this appeal. Eli S. Metzger, Wm. E. Dailey, Jno. N. Sullivan, Ira B. Craft and Aaron B. Metzger, taxpayers of said township, have filed their objections to the dismissal of said appeal, but none of these objectors were parties to the action below nor are they parties to this appeal. Their objections, therefore, though they seem to suggest matters of public interest and necessity and are unchallenged by counter affidavits, cannot be considered. *Mears* v. *Boston, etc., R. Co.* (1855), 71 Mass. 371. Only parties to an action or their privies can be heard in the disposition thereof.

On January 1, 1923, the former trustee and advisory

board lost all control, including the right to prosecute this appeal, over the affairs of Pipe Creek School Township, by virtue of the election and qualification of their successors in office. *Everroad* v. *Flatrock Township* (1875), 49 Ind. 451; *Steinback* v. *State, ex rel.* (1872), 38 Ind. 483; *Barker* v. *Norton* (1842), 3 Hill (N. Y.) 474; *Wright* v. *Smith* (1851), 13 Barb. (N. Y.) 414. The new trustee and the new advisory board are now in complete control of the management of the affairs of said township, and, as such, under the law, may direct its policies, and may sue and be sued as such officers. Their motion to dismiss this appeal cannot be denied.

Appeal dismissed.