## MISHLER ET AL. *v.* EMERSON ET AL.

[No. 13,112.  Filed December 21, 1928.]

*J. Edward Headley,* for appellants.
*Gates & Gates* and *Whiteleather & Bloom,* for appellees.

NICHOLS, J.—Milton E. Emerson et al. commenced suit in the Whitley Circuit Court against Cleveland township and Cleveland school township of Whitley county, Indiana, and the trustee and advisory board of said townships, praying for a restraining order restraining them from abandoning the schools in districts two, three, four, five, six, eight and nine, and from removing or changing the location of school buildings in said districts, and from letting a contract for a school building to be erected near Cuppy's cross roads in said township, and from issuing bonds for securing funds for the payment for said building, and from taking funds of said school township to replace funds of said township used in the payment for real estate for said elementary and high school building. A bond filed was approved by the court and a temporary restraining order was issued by said court, and a demurrer was filed to the complaint, which demurrer was never passed upon by the court,

and an amended complaint was subsequently filed, the prayer of which was substantially the same as in the original, but made Carl Bollinger, Henry Hollman and J. T. Stuckey, newly-elected members of the advisory board, new parties defendant. On motion of Carl Thompson, newly-elected trustee of Cleveland township, he was substituted as a party defendant for Harvey Kreider, whose term as trustee had expired; and the plaintiffs, by their counsel, dismissed said cause of action as to defendants Rau, Carns and Beard, the retired advisory board.

The parties defendant in the original complaint commenced to defend the suit by filing a demurrer to the original complaint, but the parties defendant in the amended complaint took no steps whatever to defend the suit. The amended complaint was filed November 14, 1926, and it is averred therein that the defendant Harvey Kreider was the trustee of defendant Cleveland school township, and had been since January 1, 1923, and that defendants Rau, Carnes and Beard were the members of the advisory board of such school township since January 14, 1923, and contend that they will be members thereof until January 1, 1927; that the defendants Bollinger, Hollman and Stuckey were, on November 2, 1926, elected as members of such advisory board and are now the members thereof. It will be noted that, between the time of filing the original complaint and the amended complaint, there had been an election in which a new trustee and new members of the advisory board had been elected, and that the newly-elected trustee and members of the advisory board made no attempt to defend as against the amended complaint.

Appellant, being a taxpayer and voter of Cleveland township, for himself and 739 other voters and taxpayers, making a majority of the voters of said township, filed a petition to intervene in said action, in order to

defend against the amended complaint. In the petition, he sets out that the action instituted by appellees has not proceeded to final judgment; that said petitioner is interested in the subject-matter of said action and may be adversely affected by the judgment rendered therein; that petitioner and 739 other legal voters, being a majority of legal voters of school districts numbers one, three, four, five, six, seven, eight, nine and ten, and all that part of number two lying outside of the corporate limits of South Whitley in Cleveland school township, on June 1 filed a petition with said school trustee to abandon their districts, and for the consolidation of their school districts with all other school districts of the township, and for the erection of a consolidated elementary and high school building on certain real estate at Cuppy's cross roads, and to provide for the education of the children of such abandoned districts in other schools, as asked for in said petition, and, on said date, said school trustee found said petition to be sufficient in all respects, and that it was signed by a majority of the legal voters of said school districts; that, subsequent to the filing of said petition, the advisory board appropriated $3,000 for the purpose of purchasing six acres of land at Cuppy's cross roads; that said six acres of land were purchased by the trustee, and that $2,000 was paid therefor, that the advisory board and trustee took the various steps designated by statute for having plans and specifications prepared for the erection of a consolidated elementary and high school building on said site, the issuance of bonds to provide funds and advertising for the erection of said building; that the issuance of bonds was approved by the state board of tax commissioners and that said school township has expended, and is liable to expend, of the township funds, more than $4,000, exclusive of the cost of said real estate; that a temporary restraining order was issued by the court,

restraining said trustee and advisory board from accepting bids and contracting for the erection of a school building, and the issuance of bonds to provide funds therefor; that after the filing of the original complaint, a general election was held in said school township, and Carl Thomson was elected trustee thereof, and a new advisory board was elected; that said petitioner is informed and believes that said Thomson, as such trustee, and said advisory board have agreed with the plaintiffs that the temporary injunction may be made permanent and that, unless your petitioner is permitted to intervene, they will permit said temporary injunction to become permanent and defeat the purpose of this petitioner and 739 others for the consolidation of said school districts and the erection of a school building. Plaintiffs objected to appellant's petition to intervene and the court denied appellant the right.

The sole question in this case is: Did appellant have the right to intervene and be made a party defendant as prayed for in his petition?

It is the contention of appellant that, by the petition filed with Kreider, trustee, the petitioners asked for the abandonment of their district schools and to have constructed a joint elementary and high school building at Cuppy's Corners, under the provisions of §6851 Burns 1926. This section provides that: "Whenever a majority of the legal voters of any school district or corporation shall petition the trustee or trustees of such school district or corporation for the abandonment of their schools and the consolidation of their schools with the schools of some other school district or corporation in the same township, it shall be the duty of the trustee or trustees of such school district or corporation to comply with such petition and to provide for the education of

the children of such abandoned district or corporation in other schools as asked for in such petition."

By the averments of the petition to intervene, it appears that the petition for the abandonment of the schools of the nine districts involved and their consolidation was signed by a majority of the legal voters of all of the districts, but it does not appear that such petition to abandon, etc., was signed by a majority of the legal voters of each of the districts. Appellees well argue that there should have been nine petitions filed, one for each of the districts, and subscribed by a majority of the legal voters of such districts. Certainly, conceding that it was sufficient to file a joint petition, it should have been subscribed by a majority of the legal voters of each of the districts. There could have been no abandonment of any one of the districts under the statute unless a majority of the legal voters of that district petitioned for such abandonment, and, without a petition so signed, the proceeding was invalid.

Other irregularities may have been discovered by the new trustee Thomson, which thereby induced him, in the exercise of his discretion, to consent to a permanent injunction enjoining the sale of the bonds and the execution of the builder's contract. Whatever may have been the inducing cause, it was his right and duty to exercise his discretion in the matter.

It appears that favorable action on the petition for the abandonment of the districts and the construction of a consolidated elementary and high-school building was taken by Kreider, then the trustee, that there followed an election in which Kreider was defeated by Thomson, and that a new advisory board was elected. That a trustee and advisory board may, in their discretion, and in the absence of collusion, change the policy of their predecessors in office, has been decided by this court. See *Pipe Creek School Tp.* v. *Wagler*

(1923) 81 Ind. App. 419, 139 N. E. 295. There is no charge in the petition to intervene of fraud and collusion, or that the township officers had failed to perform their duties. In the absence of such charges, the petition to intervene is insufficient. *Davis* v. *Fogg* (1881), 78 Ind. 301; *City of Richmond* v. *Davis* (1885), 103 Ind. 449, 451, 3 N. E. 130.

Having reached this conclusion, we do not need to consider other questions presented.

Judgment affirmed.