McDONALD ET AL., ADVISORY BOARD OF MARION TOWNSHIP *v.* STATE, EX REL. GIBBS ET AL.

[No. 25,913. Filed March 3, 1931.]

410

*Johnson & Zechiel* and *Roy W. Adney,* for appellants.
*E. C. Gullin,* for appellees.

MARTIN, J.—This action in mandate was brought by complaint (see §§1244-1248 Burns 1926) against the appellants, as members of the advisory board of Marion Township, Boone County, to compel them (in their official capacity as such board) "to meet . . . and to make such orders as may be required to enable said trustee (of Marion Township) to provide a suitable building and equipment for a joint elementary and high school for said township."

The relators, who are voters and parents of school children in said township, in their complaint alleged, and at the trial proved, the following facts: Marion Township has an assessed valuation of more than $1,250,000 of taxable property and one-third or more of the parents, guardians, etc., in the township had petitioned the trustee to establish and maintain a joint high school and elementary school (which facts, by the provisions of §1,

ch. 130, Acts 1921 p. 322, §6843 Burns 1926, require the trustee to establish and maintain the school petitioned for). That, at the same time (in the same petitions) a majority of the legal voters, patrons of each of the school districts numbered 1, 2, 4, 5, 7, 10, 11 and 13 of the township, petitioned the trustee asking that the elementary schools in their respective districts be abandoned and consolidated in a single building and school in the township (a separate petition was circulated in each school district in which the abandonment of the school in that district and consolidation with the other districts was asked). There is no building in the township suitable to accommodate the joint school prayed for, sufficient funds are not available to construct a building, the assessed valuation of the property within the township is $3,917,110 and no bonded or other indebtedness exists against Marion School Township. After the filing of the petitions, the trustee called and held a meeting of all the members of the advisory board to consider the erection of a joint school building. The advisory board, upon request of the trustee, refused to authorize him to borrow money to construct the building. Thereafter, the trustee procured preliminary plans for a building, and again called a meeting of the advisory board, and the board refused to hear or consider any plan or make any record of their meeting. The trustee is ready and willing to proceed in the matter with the performance of his duties as required by law but is prevented from doing so by the refusal of the board to act.

The issue was closed by an answer in general denial, the trial was by the court, and judgment was rendered in favor of appellees as follows:

"It is ordered that said defendants, as the advisory board of said Marion School Township, meet in their proper capacity, upon notice of the Township Trustee, and authorize the said Trustee of

Marion School Township to borrow funds to build a consolidated school for said township and to furnish therein senior high school and elementary facilities and the said defendants, Marion Township Advisory Board, are ordered to appropriate said funds for the purposes herein set out."

The alleged errors relied upon by appellants are: overruling their demurrer to the complaint, and their motion for a new trial, wherein it is alleged that the decision is not sustained by sufficient evidence and is contrary to law.

Appellants (citing §4, ch. 1, Acts 1865 p. 3, §6787 Burns 1926, which provides that "each civil township . . . is a distinct municipal corporation for school purposes . . . and the trustee of such township . . . shall . . . be school trustee") contend that "the decision is contrary to law because the board should have been sued as the advisory board of Marion *School* Township." The suit was brought against the advisory board of Marion Township, and, as above noted, the court in the judgment referred to it both as the "Advisory Board of said Marion School Township" and as the "Marion Township Advisory Board." The township advisory board is empowered by statute to act in matters which pertain to the school township as well as matters which pertain to the civil township. There is nothing in the law which requires it to be designated by any name other than the "advisory board" of such township. §12062 *et seq.* Burns 1926.

The appellants point out that the petitions asked, not only the establishment of a joint high school and elementary school in Marion Township, but also asked that the elementary schools in the several districts be abandoned, and that the relief thus

petitioned for was action under §1, ch. 200, Acts 1901 p. 437, §6851 Burns 1926.[1]  Appellants rightly contend that the petitions are dual in their demands, asking both the abandonment of existing schools and that a new joint high and elementary school be provided, and that the signers do not request the building of the joint school except on the condition that the present schools be abandoned.  We cannot assume that the school patrons who signed the petitions asked for the new joint school on any terms other than those contained in the petition, and it is, therefore, necessary, in order for the petition to be sufficient for the one purpose (under §6843 Burns 1926) that it also be sufficient for the other purpose (under §6851 Burns 1926).  The appellants contend that "if the petition was for the abandonment of schools, it was

[1]The form of the petitions is as follows:  "The undersigned legal voters on school questions of school No. ——, Marion Township, Boone County, Indiana, respectfully petition the trustee and advisory board of said township that the school in said districts—be abandoned and consolidated with the schools in districts numbered ————— of said township in a single school district, said school to provide senior high school and grade school facilities."

§6851 Burns 1926 is as follows:

"Whenever a majority of the legal voters of any school district or corporation shall petition the trustee or trustees of such school district or corporation for the abandonment of their schools and the consolidation of their schools with the schools of some other school district or corporation in the same township, it shall be the duty of the trustee or trustees of such school district or corporation to comply with such petition, and to provide for the education of the children of such abandoned district or corporation in other schools as asked for in such petition."

The portion of §6843 Burns 1926, necessary to be considered here is as follows:

"In each township having an assessed valuation of more than twelve hundred and fifty thousand dollars of taxable property, whenever one-third or more of parents, guardians, heads of families and persons living in such township having charge of children who were enumerated for school purposes in said township at the last preceding enumeration, petition the trustee of said township to establish and maintain a high school, or joint high school and elementary school, said trustee shall establish and maintain in such township a high school, or joint high school and elementary school, as petitioned for, and employ competent teachers therefor, notwithstanding there may be an established high school within three miles of a boundary line of such township and regardless of the number of graduates of the elementary schools of such township."

insufficient on which to grant the relief prayed for, for the reason that the petitions . . . did not contain a sufficient number of signatures" (a majority of the legal voters on school matters in each of the petitioning districts being necessary under §6851, *Mishler* v. *Emerson* [1928], 88 Ind. App. 420, 164 N. E. 292). Mandamus will lie only when there is a clear legal right to the relief sought by the plaintiff and a clear legal duty to be performed by the defendants, *Gruber, Trustee,* v. *State, ex rel.* (1925), 196 Ind. 436, 148 N. E. 481, yet the presumption of fact on appeal is in favor of the judgment of the trial court, and appellants, to prevail, must show that no basis was proved for the judgment appealed from. The evidence, as epitomized in appellant's brief, clearly shows that the petitioners numerically meet the requirements of §6843 Burns 1926, but it is not clear as to whether they meet the requirement of §6851 Burns 1926. Upon examination of the record, we find conflict in the evidence as to the number of valid signatures on the petitions from the several districts. While it appears that a majority did not sign the petitions in school districts 3, 6 and 12, yet, eliminating the petitions from these districts (and resolving the conflict noted above in favor of the judgment), enough petitioners remain to constitute one-third of those in the township and to constitute a majority in the several remaining districts. We, therefore, conclude that the petitions were sufficient.

The establishment of the joint school petitioned for could be accomplished by the trustee without the aid of the advisory board if a building for the purpose was available, but here it is alleged and proved that there is no building in the township suitable for such purpose and that no money is available to build a school. Action by the advisory board is therefore necessary (§12068 Burns 1926) if the establishment of the joint school, petitioned for as provided by statute, is to be accomplished.

When the proper legal action has been taken which imposes a duty upon the trustee to provide a new building and necessity exists for such action, the advisory board may not refuse to make an appropriation or approve a loan which is reasonable but it may be compelled by mandamus to make such orders as will be necessary to enable the trustee to build such school building. *Advisory Board, etc.,* v. *State, ex rel.* (1905), 164 Ind. 295, 73 N. E. 700. But a writ of mandamus will not issue to compel a township advisory board on the demand of the trustee to authorize a bond issue for the building of a schoolhouse greater than is needed and not within the township's financial ability to construct. *Steiger* v. *State, ex rel.* (1917), 186 Ind. 507, 116 N. E. 913.

In *Advisory Board, etc.,* v. *State, ex rel.* (1908), 170 Ind. 439, 85 N. E. 18, it was held that where action by petition has been taken under §1, ch. 229, Acts 1903 p. 431 (§6812 Burns 1926), for the consolidation of schools and in the absence of adequate school buildings in which to house the consolidated school, a necessity exists for the erection or acquiring of a new school building and there is no need for action by the township advisory board declaring that such necessity exists. Although §6851 Burns 1926, makes no specific provision regarding the existence of an emergency when a proper petition has been filed, this court, in *Gruber* v. *State, ex rel.* (1929), 201 Ind. 280, 168 N. E. 16, held that such act is mandatory and must be complied with when the proper petition is filed.

The evidence shows that the plans for the consolidated high school and elementary school proposed an expenditure of $70,000. The judgment of the court did not, and it could not properly, compel appellants by mandamus to approve the expenditure of a

certain amount, because the determination of the amount is a matter within the discretion of the advisory board, but the judgment does (properly) direct the advisory board to make such orders as may be required to enable the trustee to procure a suitable building and equipment, etc.

Judgment affirmed.