WILLIAM H. COMLEY, STATE'S ATTORNEY, EX REL.
LAWRENCE P. DONOVAN *vs.* JAMES D. LAWLOR ET ALS.

WILLIAM H. COMLEY, STATE'S ATTORNEY, EX REL.
JOHN HENNESSY *vs.* JAMES D. LAWLOR.

WILLIAM H. COMLEY, STATE'S ATTORNEY, EX REL.
JOHN T. KANE *vs.* JAMES D. LAWLOR.

WILLIAM H. COMLEY, STATE'S ATTORNEY, EX REL.
GEORGE H. BIEBEL *vs.* JAMES D. LAWLOR.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 6th—decided December 6th, 1935.

*Philip Reich,* for the appellants (plaintiffs).

*Ogden T. Marsh,* for the appellees (defendants).

MALTBIE, C. J. These are actions of mandamus brought by the plaintiffs to enforce their claimed rights to receive pensions from the firemen's relief fund established under the charter of the city of Bridgeport. The charter provides that the board of fire commissioners of the city shall constitute the board of trustees of the fund, the city treasurer shall be treasurer of it and the clerk of the board of fire commissioners shall be secretary of the board; and it further provides that the board of trustees shall from time to time appropriate and cause to be paid such sums as may be needed for the purpose of paying pensions to those entitled to receive them. Special Laws of 1927, p. 485. Firemen become eligible to receive payments from the fund upon retirement by the board of fire commissioners. Each of the plaintiffs had been retired during the period 1929 to 1931 by vote of that board. The plaintiffs alleged in the alternative writs that they were not receiving the payments from the fund to which they had become entitled upon retirement. In the returns to the writs the defendants al-

leged that the votes retiring the plaintiffs were the result of mistake in fact and law and of fraud on the part of the plaintiffs and that they were not in fact entitled to retirement; also that there were not funds at the disposal of the board of trustees out of which the pensions could be paid. The cases came to issue and were tried. The trial court reached the conclusion that the plaintiffs were entitled to receive the amounts claimed but directed judgment for the defendants because of what it held to be a fatal defect as to the parties defendant.

The alternative writs were addressed to "James D. Lawlor, Henry T. Lynge, James Colgan and George W. Gydeson, all of the City of Bridgeport, County of Fairfield and State of Connecticut, members of the board of trustees" of the fund, and to Oliver G. Righter and John J. Hines, respectively treasurer of the fund and secretary of the board. The writs alleged that the defendants were such members, treasurer and secretary, and required the defendants, by name, without further designation, to pay the plaintiffs the pensions to which they were entitled or show cause to the contrary. After the bringing of the actions Lynge was succeeded upon the board by David MacKenzie and the latter was substituted for the former as a party defendant by stipulation of the parties. At the trial it appeared that Lawlor, Colgan and Gydeson were no longer members of the board of fire commissioners of the city and as such members of the board of trustees of the fund and that Righter was no longer treasurer of the city and as such treasurer of the fund. The conclusion of the trial court which was the basis of the judgments for the defendants was that as the alternative writs ran against the members of the board of trustees of the fund individually and not against the board, the court was without power to issue peremp-

tory writs which would be effective as regards those who were members of the board at the time of judgment.

The decision of the trial court proceeded upon the ground that the duty to take the steps necessary to bring about the payments to the plaintiffs rested upon the board of trustees and that the plaintiffs' rights could be enforced through a proper mandamus proceeding directed against that board; this is not questioned by the defendants; and we proceed upon that assumption. Any action by the board of trustees would be taken by it in its official capacity and pertain to the performance of its functions as a board; and its individual members would be without power except as they acted in and through it. The defendants in their returns set up defenses which were in no way personal to them but concerned only official action by the board. Throughout the proceedings, despite changes in the membership of the board, the various city attorneys appeared to oppose the relief claimed. No pleadings were filed raising any issue as to the fact that the persons named in the alternative writs had ceased to be members of the board. See *Thompson* v. *United States*, 103 U. S. 480, 483. There can be no question that the proceedings throughout were treated as directed to secure action by the board, through its individual members. To this situation the statement made in *Commissioners* v. *Sellew*, 99 U. S. 624, 627, is applicable: "The board is in effect the officer, and the members of the board are but the agents who perform its duties. While the board is proceeded against in its corporate capacity, the individual members are punished in their natural capacities for failure to do what the law requires of them as the representatives of the corporation." The writs in these actions could compel action by the members of the board only in

their official capacities and the proceedings, though addressed to them as members of the board, were to all intents and purposes directed against the board as such. See *State ex rel. Bulkeley* v. *Williams,* 68 Conn. 131, 157, 35 Atl. 24.

In *Norwalk, etc., Electric Light Co.* v. *Common Council,* 71 Conn. 381, 389, 42 Atl. 82, we said: "The prerogative writ of mandamus may run directly to the board; the individual members are dealt with as in the case of a corporation, for the purposes of punishment, if the command is disobeyed. It is a matter of practice and not of substance, when an act is commanded which can only be performed by a board as a public body, whether the alternative writ should be directed to the board directly or indirectly by naming all the members of the board, or to the board and the individuals composing it. When there is no controlling statute or rule of practice, the form of direction is held immaterial." In *Thompson* v. *United States,* supra, the alternative writ ran against Thompson as township clerk of the township of Lincoln in Michigan. At the trial, without pleadings, evidence was offered that a successor to Thompson as clerk had been appointed and the evidence was stricken out. This was held proper. The court said (p. 484): "And so, if we regard the substance and not the mere form of things, a proceeding like the present, instituted against the township clerk, as a step in the enforcement of a township duty to levy the amount of a judgment against it, ought not to abate by the expiration of the particular clerk's term of office, but ought to proceed to final judgment, so as to compel his successor in office to do the duty required of him in order to obtain satisfaction from the township. The whole proceeding is really in substance a proceeding against the township, as much as if it were named, and is in the nature and

place of an execution. If the resignation of the officer should involve an abatement, we would always have the unseemly spectacle of constant resignations and reappointments to avoid the effect of the suit. Where the proceeding is in substance, as it is here, a proceeding against the corporation itself, there is no sense or reason in allowing it to abate by the change of individuals in the office. The writ might be directed to the township clerk by his official designation, and will not be deprived of its efficacy by inserting his individual name." The court then referred to *People ex rel. Case* v. *Collins,* 19 Wend. (N. Y.) 56, which was a mandamus addressed to commissioners of highways, where the court dismissed an objection that the term of the commissioners would expire before the proceedings could be brought to a conclusion, and the court in the *Thompson* case quoted from the opinion in the *Collins* case as follows: "The obligation sought to be enforced devolves on no particular set of commissioners, and no right is in question which will expire with the year. The duty is perpetual upon the present commissioners of Smyrna and their successors; and the peremptory writ may be directed to and enforced upon the commissioners of the town generally. To say otherwise would be a sacrifice of substance to form."

In *People ex rel. Shaut* v. *Champion,* 16 Johns. (N. Y.) 61, the alternative writ was addressed to the defendants as commissioners of highways and it was objected that it did not appear that the commissioners were in office when the action was tried and that, if they were not, the peremptory mandamus would be unavailing; but the court said (p. 65): "It was not necessary, in the first instance, to issue the writ to any persons, by name; for this is not a proceeding against any individual, until an attachment issues. The relator might omit the names and proceed against the

commissioners of the town, whoever they may be; and if, as commissioners, they disobeyed our mandate, they would incur a personal responsibility." In *State* v. *Wright*, 10 Nev. 167, the proceeding was directed against certain persons by name as trustees of a corporation; certain of them appeared specially and moved to quash the writ because they had not been served. The court dismissed the objection, saying (p. 169): "While we think the better practice would be to serve each individual trustee, yet we do not think that under the provisions of the statute it is absolutely necessary so to do. The proceedings are instituted not against the respondents as individuals, but in their representative capacity as trustees. It is virtually the same as if commenced directly against the board of trustees."

The decisions from other jurisdictions to which we have referred were cited in *Norwalk, etc., Electric Light Co.* v. *Common Council,* in support of the quotation we have made from that case. Our decision in that case, supplemented by them, establishes our law to be that when an alternative writ of mandamus runs against certain persons by name as members of a board, commanding them to take action which only the board as such can take in its official capacity, and no defense personal to the defendants is advanced and the action is treated throughout as one involving the duty of the board and, upon certain of those named ceasing to be members, no pleadings directed to a claimed defect of parties are filed, the peremptory writ may issue against the board, or against those who are its members at the time the judgment is rendered and, if the latter course is taken, there is no need to name the members. In effect this is merely to treat the naming of those who were members when the alternative writ issued as mere surplusage. Of such a situa-

tion the Supreme Court of New Hampshire said: "There would have been no more need of their names in the writ than of the name of the sheriff in an execution addressed to that officer." *Boody* v. *Watson*, 64 N. H. 162, 192, 9 Atl. 794. See also *State ex rel. Hasbrouck* v. *Milwaukee*, 25 Wis. 122; *People* v. *Supervisor*, 100 Ill. 332, 334. *State ex rel. Sloan* v. *Warner*, 55 Wis. 271, 9 N. W. 795, was an action of mandamus to compel the secretary of state to take certain official action and, objection being made that his term of office had expired before the final determination of the case, the court said (pp. 285, 287): "The peremptory writ must issue, if it be ordered in this case, to the person now in office. The objection is that the present secretary has not had his day in court, and should not be commanded to do an act against the doing of which he has had no opportunity of being heard. . . . In the case at bar there was a continuing duty on the secretary of state, as an officer of the state, to audit the claim of the relators. That duty rests as much upon the present incumbent as it did upon his predecessor, Hans B. Warner. There can be no good reason given why the peremptory writ should not go against him, and the authorities clearly justify such a proceeding."

It follows that the fact that certain of those named in the alternative writs as members of the board of trustees of the fund had been succeeded in that office by others was not a sufficient reason to justify the trial court in refusing to issue peremptory writs against the board or those who were its members at the time the judgments were rendered. Each judgment should, however, have contained a direction for service of the peremptory writ upon those who were members of the board at the time of its issuance, that a proper basis might be laid for enforcing it. *Norwalk, etc., Electric Light Co.* v. *Common Council*, supra, p. 391. The

conclusion of the trial court that the plaintiffs were entitled to the relief claimed made it the duty of the court to direct the issuance of the writs.

There is error, the judgments are set aside and the cases remanded with direction to issue peremptory writs of mandamus in accordance with this opinion.

In this opinion the other judges concurred.