19421. STYLES *et al.* v. WATERS *et al.*

Argued July 9, 1956—Decided September 7, 1956—Rehearing denied October 11, 1956.

Carl K. Nelson, Nelson & Nelson, for plaintiff in error.
Shirley C. Boykin, Robt. D. Tisinger, Lamar Knight, William J. Wiggins, contra.

ALMAND, Justice.  A. C. Waters and others, as residents and taxpayers of Carroll County, filed their petition against J. C. Brown and others as members of the Carroll County Board of Education, and C. B. Yates, Superintendent of Schools of Carroll County and Secretary of the Board of Education, praying for a writ of mandamus absolute requiring them to do certain specific acts, which the plaintiffs charged they were under a legal duty to perform in their official capacity.  Five of the defendants, asserting that they constituted "a majority of the members of the Carroll County Board of Education," filed their demurrers and response.  In their response, they alleged that the Carroll County Board of Education consisted of seven members, and can only "act and make decisions by a vote of a majority of said members," and that "the control and management of the schools of Carroll County, and the public-school system of said county, is vested by law in the Carroll County Board of Education, of which these defendants are legally qualified members; and in discharging their duties as such county board of education members, they are vested by law with *broad* and *wide discretion;* and in the exercise of their legal discretion, and in the performance of their official duties, concerning the control and management of the said public schools and school system, the courts of this State have no authority, power, or jurisdiction to interfere therewith." The other two members of the board, and Yates, the secretary of the board, did not file any pleadings.

On the hearing of the rule nisi the court granted a mandamus absolute, requiring the seven named individuals "in their official capacity, as members of the Carroll County Board of Education" to perform certain specified acts.  Four members of the board, constituting a majority of the same, filed their writ of error to this court, assigning error on the several interlocutory orders and the final order.  A supersedeas was granted pending this appeal.

On June 22, 1956, the defendants in error filed their motion to dismiss the writ of error, on the ground that the questions raised in the bill of exceptions had become moot.  Attached to this motion is a certified copy of a resolution adopted by a majority of the members of the Carroll County Board of Education on June 5, 1956.  It was resolved by the board: "That the mandamus proceeding now pending in the Supreme Court of Georgia,

which is an appeal from the Superior Court of Carroll County, Georgia, in which the Carroll County Board of Education is the plaintiff in error and A. C. Waters et al. are the defendants in error, and known as case No. 1508 in the Carroll Superior Court, in which an order was passed on the 26th day of April, 1956, making the mandamus absolute, be withdrawn and dismissed." Also attached to the motion was copy of an affidavit made by the secretary of the board, reciting that certain specified requirements of the court's order had been complied with by the board.

Four of the members of the board and its secretary, in response to our rule nisi to show cause why the writ of error should not be dismissed, joined in the request of the defendants in error to dismiss the writ of error.

The amended response filed by three of the plaintiffs in error does not dispute the action of a majority of the members of the board of education as shown in their resolution of June 5, 1956, but contends: (a) that it does not represent the action of a legally constituted board, because the resolution was adopted in violation of parliamentary rules and procedure; and (b) that, since the writ of mandamus was directed to them as individuals, and they had not complied with the writ, the questions raised in the writ of error are not moot.

Counsel for the respective parties, in their oral argument on the motion to dismiss, and by brief, argue at great length pro and con as to whether the writ of mandumus absolute has been complied with. We deem it unnecessary to decide this question, because, as we view the case, an answer to the following question is determinative of the motion: Where a writ of mandamus is issued against the members of a board of education, ordering them in their official capacity to perform certain specific duties, and the board, through a majority of its members, files a bill of exceptions to this court, can a majority of the board, while the case is pending in this court, withdraw or dismiss the writ of error?

After argument and before decision by this court, it is well settled that leave may be granted a party to withdraw his appeal. *Bank of the State of Ga.* v. *Citizens Bank*, 66 *Ga.* 752; *Crosthwait* v. *James*, 95 *Ga.* 570 (20 S. E. 494). We know of no rule that prevents a plaintiff in error from withdrawing his appeal

over the objection of his counsel, where it does not appear that the action is one involving property or a money judgment in which counsel would have a lien for his fee in the event of a judgment in his client's favor. Compare *Walker* v. *Equitable Mortgage Co.*, 114 *Ga.* 862 (1) (40 S. E. 1010); *Richmond County* v. *Richmond County Reformatory Institute*, 141 *Ga.* 457 (1) (81 S. E. 232); *Simpson* v. *Charters*, 185 *Ga.* 592 (1) (196 S. E. 31). In the instant case, the relief sought was against seven members of the board of education and its secretary in their official capacity to require them to perform specific duties as a board of education (*Board of Education of Long County* v. *Board of Education of Liberty County*, 173 *Ga.* 203, 209, 159 S. E. 712), which meant that these acts could be performed by a majority of the' board (Code § 102-102 (5)). In the instant case, four members (constituting a majority of the board) decided not to comply with the order and filed, as they had a right to do, a bill of exceptions. Clearly, if a majority had decided to comply with the order, the minority members of the board would not have had any right to appeal. Johnston *v.* Mitchell, 120 Mich. 589 (79 N. W. 812); McCandless *v.* Day, 162 Miss. 859 (140 So. 337); State *v.* Justices of Moore County, 24 N. C. 430 (1). It now appears from the resolution, adopted by a majority of the members of the board of education, that they desire that the writ of error be withdrawn, and four of the members, constituting such majority, have in writing joined in the motion of the defendants in error to dismiss the same. A majority of the board having the right to initiate the appeal, we know of no reason why they do not have the right to control or end the litigation, nor why we should not grant their request to dismiss the writ of error. See Pipe Creek School Tp., *v.* Wagler, 81 Ind. App. 419 (139 N. E. 295); Martin *v.* William J. Johnston Co., 128 N. Y. 605 (27 N. E. 1017).

Counsel for three of the plaintiffs in error, in opposing the motion to dismiss the writ of error, insist that the mandamus writ is against them as individuals, and particularly as to A. G. Styles, who is ordered to execute certain deeds as president of the board, and being against them as individuals, they have a right to continue the appeal. The answer to this contention is, that the action was initiated against them as members of the board. The order of the court directs their action as officials and not as indi-

viduals, and the appeal as originally filed in this court was by a majority of the board. If one of the members of the board had died pending the appeal, his executor or administrator could not have been substituted in his place (*Title Guarantee & Loan Co. of Savannah v. Holverson,* 95 *Ga.* 707 (1), 22 S. E. 533), or if Styles, president of the board, had died pending the appeal, the duties of the president would not have fallen upon his administrator or executor. The successor to the deceased member or president of the board would be the proper party to substitute in his place. The act of 1941 (Ga. L. 1941, p. 516; Code, Ann. Supp., § 89-906), provides that, when a suit has been commenced against a public officer of this State in his official capacity "and relating to the present and continuing duties of such office, the same shall in the event of the death, resignation, removal or expiration of the term of such officer while the suit is pending in the trial court and courts of review, survive in favor of or against his successors in office."

After a court issues a mandamus absolute, requiring named individuals of a public board to perform specific acts pertaining to the body in its official capacity, the authorities seem to be in accord that, in the event of a change in the personnel of the board, the successors to the members named in the order must comply in the same manner as their predecessors were directed. People *v.* Board of Review of Cook County, 352 Ill. 157 (185 N. E. 248 (5), 87 A. L. R. 520); Middle States Utilities Co. *v.* City of Osceola, 231 Iowa 462 (1 N. W. 2d 643 (2)); Comley *v.* Lawlor, 120 Conn. 610 (182 Atl. 218 (2), 102 A. L. R. 938); Newton *v.* Altheimer, 170 Ark. 366 (280 S. W. 641 (1)); People *v.* McKibben, 377 Ill. 22 (35 N. E. 2d 321 (3)).

The motion of the defendants in error, joined in by a majority of the members of the Board of Education of Carroll County, to dismiss the writ of error, is granted.

*Writ of error dismissed. All the Justices concur, except Duckworth, C. J., who dissents.*