## A95A2701. CITY OF ATLANTA v. HOUSTON.
(471 SE2d 12)

RUFFIN, Judge.

The City of Atlanta petitioned the Superior Court of Fulton County by writ of certiorari for review of the City of Atlanta Civil Service Board's decision reinstating police officer Vince Houston. The city appeals from an order directing that former members of the Board, whose terms had expired, reconvene at the city's expense in order to comply with a previous order in which the trial court remanded the matter to the Board for clarification and further review. For reasons which follow, we reverse.

On April 19, 1991, the Atlanta Bureau of Police Services dismissed police officer Houston for violating several police department

employee work rules. Houston appealed to the City of Atlanta Civil Service Board, and on September 17, 1992, the Board conducted a full evidentiary hearing. After consideration of the evidence, the Board issued an order overturning Houston's dismissal and instead imposing a 30-day suspension. The city appealed the Board's order by writ of certiorari to the Superior Court of Fulton County. On February 16, 1993, the court issued an order remanding the case back to the Board to clarify certain aspects of its decision and directing the Board to cite the evidentiary basis for its factual determination. The court also directed the Board "based upon further review to issue a final determination which either affirms or reverses its initial decision. . . ." The court's order further stated, "This Court shall maintain jurisdiction to hear any further certiorari issues should any parties to this proceeding seek further review of the Board's supplemental decision." On March 17, 1993, an assistant city attorney, acting as legal counsel for the Board, responded to the February 16, 1993 order by filing a supplemental order consisting of one paragraph, purportedly written by the Board members. This supplemental order only partially complied with the court's directive because it did not cite any evidence or state whether the Board reversed or affirmed its prior decision as the trial court ordered. Houston offered evidence that the Board members never saw the supplemental decision or authorized their names to be affixed to it.

On April 5, 1993, the trial court held a second hearing and issued a second court order on May 16, 1993, which again required the Board to further clarify its decision within 30 days, affirm or reverse its initial decision to reinstate Houston, and serve all counsel of record with a copy of that decision.

Subsequent to this order, the Board took no action and failed to respond for over one and one-half years. The Board members' terms expired on May 31, 1994, and a new mayor and new Board members took office in the interim. On December 5, 1994, Houston filed a "Petition to Show Cause Why the Defendant in Certiorari Should Not Be Reinstated to the Position of Police Officer." In an apparent response, the newly constituted Board issued a second decision on December 20, 1994, which cited to evidence adduced in the evidentiary hearing, reversed Houston's reinstatement, and upheld his dismissal.

On March 20, 1995, the court held a third hearing, during which the former Board chairman testified that the former members were never shown the May 26, 1993 order, were never asked to convene, and were never asked to review their decision with respect to Houston. The court expressed concern that the newly constituted Board which did not hear the evidence, could not make a decision concerning the demeanor and credibility of witnesses. Consequently, the court issued an order on May 17, 1995, striking the Board's supple-

mental decision of December 20, 1994 and concluding that the newly constituted Board had no "appellate or subsequent review authority" to issue a supplemental decision. The court remanded the case for consideration, review and decision by the same individuals who served on the Board in November 1992, whose terms expired on May 31, 1994. This order conferred upon these individuals all authority provided to the Board by the City of Atlanta's Charter and Code of Ordinances and directed the city to pay the standard rate for time spent in review. This appeal followed.

1. The city contends the Board's decision of December 20, 1994 became final and binding on all parties because it was not appealed within 30 days as required by OCGA § 5-4-6 (a). We disagree and remind the city of the procedural posture of this case, which has been significantly complicated by its failure to comply with the court's orders.

The city's initial writ of certiorari is still pending in the superior court. The matter was merely remanded to the Board for clarification and further proceedings to enable the trial court to render a decision pursuant to that initial writ of certiorari. See OCGA § 5-4-14 (a). Of course, Houston is not required to file a second petition for certiorari in this case when the first petition has yet to be decided. Therefore, the superior court abused its discretion in striking the December 20, 1994 decision. At this juncture, the court should review that decision to determine whether it satisfied the court's directive and then reach a final determination on the city's writ of certiorari.

2. The city contends the superior court erred as a matter of law by ordering the reconstitution of the former Board thereby impermissibly bestowing upon ordinary citizens authority that could only be granted to them by the charter, code of ordinances and mayoral appointment. We agree.

Although the court was understandably concerned about the city's delay and noncompliance with the court's orders, particularly the inexplicable time gap from February 1993 until December 1994 in which the city failed to act as directed, the court cites to no authority, the parties offer none, and we have found none which authorizes the superior court to reconvene the old Board to respond to its order at this juncture. To the contrary, although the former Board members are named in the pleadings, the court's order did not call upon them to act as individuals nor were they ever parties to these proceedings in that capacity. Rather, the court's order directed the Atlanta Civil Service Board, and therefore its members acting in their official capacities, to clarify its decision and conduct further review. Accordingly, on remand after the terms of the former Board members expired, "the successors to the members named in the order [were required to] comply in the same manner as their predecessors were di-

rected. [Cits.]" *Styles v. Waters*, 212 Ga. 644, 648 (94 SE2d 702) (1956). Moreover, in finding that the newly constituted Board had no "appellate or subsequent review authority" to issue a supplemental decision, the court overlooked its own directive to the Board to clarify and affirm or reverse its initial decision, authorized under OCGA § 5-4-14 (a). Thus, we find that the court abused its discretion in ordering the former Board members to reconvene to clarify their initial decision.

*Judgment reversed. Pope, P. J., concurs. Beasley, C. J., concurs in the judgment only.*

DECIDED MARCH 15, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996.

*Overtis H. Brantley, Elizabeth T. Marinelli, Clifford E. Hardwick IV*, for appellant.
*McKenney & Froelich, William J. McKenney*, for appellee.